ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-24 16:26:15
60CV-19-5234
C06D05 : 12 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**McKENZIE MURPHY, on behalf of
herself and all others similarly situated,**                    **PLAINTIFF**

vs.                              **CASE NO. _____**

**STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY; and MERIDIAN SECURITY
INSURANCE CO.**                          **DEFENDANTS**

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiff, McKenzie Murphy, brings this class action on behalf of herself and all others similarly situated, by and through undersigned counsel, and for her Complaint against State Automobile Mutual Insurance Company and Meridian Security Insurance Co. (collectively "Defendants" or "State Auto") states and alleges as follows:

### INTRODUCTION

1.      This is a class action whereby Plaintiff seeks, for herself and all other similarly situated insured customers or former customers of State Auto, declaratory and injunctive relief, as well as compensatory damages and other appropriate remedies, resulting from State Auto's common policy and general business practice of using unmeasurable, indiscernible, nonitemized, unspecified and unexplained "condition adjustments" to improperly reduce insureds' total loss valuations and claims payments in violation of Arkansas law and its contractual obligations.

2.      When valuing total loss claims for vehicles, it is improper for an automobile insurance company, such as State Auto, to undervalue and underpay the claims by manipulating the data used to value the vehicles. Specifically, as proscribed by Arkansas Insurance Regulation 43, §10, State Auto may not use or rely on unmeasurable,

indiscernible, nonitemized, unspecified and/or unexplained deductions when adjusting first-party automobile total loss claims.

3.　　　Notwithstanding, State Auto uses a valuation process that employs unmeasurable, indiscernible, nonitemized, unspecified and unexplained "condition adjustments" to reduce the value of comparable vehicles specified in the valuation reports, which in turn reduces the vehicle valuation of the total loss vehicle, as well as the claim payment to the insured.

4.　　　This pattern and practice of undervaluing comparable and total loss vehicles when paying first-party automobile total loss claims, which benefits the insurer at the expense of the insured, is not permitted under Arkansas law nor the terms of State Auto's policies with its insureds.

## JURISDICTION AND VENUE

5.　　　Plaintiff and all proposed class members are citizens of the State of Arkansas. State Auto is an insurance company authorized to do business in the State of Arkansas, and, at all relevant times hereto, was engaged in the marketing, sale and issuance of automobile insurance policies in the State of Arkansas.

6.　　　The compensatory damages being sought by Plaintiff do not exceed $75,000, and no individual member of the Class would possess a compensatory damage claim in excess of $75,000. Additionally, the aggregate compensatory damages (in the amount of "condition adjustments" wrongfully deducted without itemization or explanation); claimed by Plaintiff and the Class, exclusive of attorney's fees and costs, are below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

7.      Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

## PARTIES

8.      Plaintiff, McKenzie Murphy, resides in Pulaski County and is a citizen of the state of Arkansas. At all relevant times hereto, Plaintiff was contracted with State Auto for automobile insurance. On or about September 21, 2018, Plaintiff's insured vehicle was deemed a total loss.

9.      Defendant State Automobile Mutual Insurance Company ("State Auto Mutual") is a property and casualty insurance company that owns numerous companies. State Auto Mutual pools its insurance business with its subsidiaries and affiliates, and markets, operates, and provides claims handling collectively under the logo "State Auto," "State Auto Group," or "State Auto Insurance Companies." Defendant State Auto Mutual's corporate headquarters is located at 518 East Broad Street, Columbus, Ohio 43215. Defendant State Auto Mutual conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

10.      Defendant Meridian Security Insurance Company ("Meridian") is a subsidiary of State Auto Mutual and markets, operates, and provides claims handling collectively under the logo "State Auto," "State Auto Group," or "State Auto Insurance Companies." Meridian's corporate headquarters is located at 518 East Broad Street Columbus, Ohio 43215. Defendant conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

3

## FACTUAL ALLEGATIONS

**A.    State Auto's Improper Valuation of Total Loss Claims.**

11.    According to State Auto's website, www.stateauto.com, State Auto was created in 1921 and currently has assets of $4.6 billion and writes $2.0 billion in premiums in the United States.

12.    Plaintiff, like all proposed class members, currently has, had, or was covered under a contract of automobile insurance with State Auto. The contract of insurance between Plaintiff, as well as each proposed class member, and State Auto provides coverage for the total loss of a vehicle in an accident on the basis of the "actual cash value" of the vehicle or the "[a]mount necessary to repair or replace the property with other property of like kind and quality". *See* Exhibit 1 (Policy) at pp. 33-35. The material policy language for all State Auto policies during the relevant time period is identical or substantially the same.

13.    For total loss claims that deviate from providing actual cost values, "[a]ny deductions from such cost, including deduction for salvage, must be measurable, discernible, itemized and specified as to dollar amount and shall be appropriate in amount. The basis for such settlement shall be fully explained to the first party claimant." Arkansas Insurance Regulation 43, §10. The purpose of this requirement is to ensure that any adjustments are reasonable, justified and fully explained and to ensure that consumers have the ability to evaluate and challenge any deductions that are improper.

14.    Systemically, State Auto fails to offer and pay the actual cash value, fails to itemize and explain deductions taken, and undervalues comparable and loss vehicles when settling first-party automobile total loss claims.

4

15.     State Auto bases its valuations and payments on total loss claims on manipulated data and reports that do not meet State Auto's duties under Arkansas law, imposing unmeasurable, indiscernible, nonitemized, unspecified and unexplained "condition adjustments" to artificially reduce the values of comparable vehicles.

16.     Upon information and belief, to calculate its valuations and claims payments, State Auto obtains a market valuation report from a third-party company called CCC Information Services, Inc. ("CCC"). These market valuation reports purport to contain values for comparable vehicles recently sold or for sale in the geographic area of the insured. The reports also contain a purported valuation for the loss vehicle based upon the data for the comparable vehicles in the report. Upon information and belief, State Auto instructs CCC as to what specific data to include in the report as the basis for the valuation, including whether to include condition adjustments to the comparable vehicles.

17.     As a general business practice, State Auto offers its insureds a claim amount equivalent to the valuation of the loss vehicle that is specified in the market valuation report prepared by third-party CCC.

18.     The market valuation reports reduce the estimated value to comparable vehicles, citing a "condition adjustment." These condition adjustments are unmeasurable, indiscernible, nonitemized, unspecified and unexplained in violation of Arkansas law and contrary to State Auto's contractual obligations. Indeed, for Plaintiff, even though each comparable vehicle has unique characteristics, the reports reduce the value of multiple comparable vehicles by the same amount, down to the last dollar, without any itemization or explanation for the amount. These reductions bear no relation to the actual fair market value of the comparable vehicles or the loss vehicle. The application of unmeasurable,

5

indiscernible, nonitemized, unspecified and unexplained condition adjustments to reduce the value of comparable vehicles artificially reduces the valuation of the loss vehicle to benefit the insurer at the expense of the insured.

**B.    State Value Undervalued and Underpaid Plaintiff's Total Loss Claim.**

19.    Plaintiff owned a 2014 Lexus RX 350 AWD that was deemed a total loss on or about September 21, 2018.

20.    Plaintiff made a claim with State Auto for the total loss of her vehicle.

21.    State Auto provided a total loss valuation to Plaintiff for her total loss claim. State Auto based its offer upon a valuation report obtained from CCC.

22.    State Auto valued Plaintiff's total loss claim at $25,326.00[1] and paid Plaintiff that amount. State Auto's valuation was based on a CCC market valuation report. The market valuation report listed values of four different comparable vehicles and applied a uniform condition adjustment of -$966 to all four vehicles without itemizing or explaining the basis of the adjustment as required by Arkansas law. The market valuation report reduced the amount of the four comparable vehicles by exactly the same amount, regardless of any individual differences in the condition. These unmeasurable, indiscernible, nonitemized, unspecified and unexplained adjustments were violative of Arkansas law and contrary to State Auto's contractual obligations, and they resulted in an underpayment on Plaintiff's claim of $966.

## CLASS ACTION ALLEGATIONS

23.    This action is brought by Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(2),

---

[1] This amount is not inclusive of tax, title, and transfer fees.

or, alternatively, 23(b)(3), of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, plus interests, injunctive relief, costs and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following class (the "Class"):

> All persons insured by a contract of automobile insurance issued by State Auto to an Arkansas resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment based in whole or in part on the value of comparable vehicles reduced by a "condition adjustment."

24.     Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

25.     The exact number of the Class, as herein identified and described, is not known, but it is estimated to be at least one hundred. Accordingly, the Class is so numerous that joinder of individual members herein is impracticable.

26.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

    a.     Whether State Auto systemically applied unmeasurable, indiscernible, nonitemized, unspecified and/or unexplained condition adjustments to comparable vehicles to calculate the value of total loss vehicles;

    b.     Whether, through the above referenced practice, State Auto breached its contracts with its insureds;

7

c.  Whether, through the above referenced practice, State Auto violated Arkansas Insurance Regulation 43, §10;

d.  Whether Plaintiff and the Class are entitled to declaratory and injunctive relief; and

e.  Whether Plaintiff and the Class are entitled to compensatory damages in the amount of the invalid conditional adjustment applied to Plaintiff and each Class member's valuation.

27.  The claims of the Plaintiff, who is representative of the class herein, are typical of the claims of the proposed class, in that the claims of all members of the proposed class, including the Plaintiff, depend on a showing of the acts of State Auto giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

28.  The named Plaintiff is the representative party for the Class, and is able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

29.  Class certification is appropriate under Arkansas Rule of Civil Procedure 23(b)(2) because State Auto's actions are generally applicable to the Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole.

30.  Class certification is also appropriate under Arkansas Rule of Civil Procedure 23(b)(3) because the common questions of law and fact in this case predominate over questions affecting only individual members of the class, and a class action is the

8

superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members whose claims are too small and complex to individually litigate against a large corporate defendant.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

31.     Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

32.     State Auto's insurance contract with its insureds provides coverage for the total loss of a vehicle in an accident on the basis of actual cash value of the vehicle or the amount necessary to replace the insured vehicle with a vehicle of like kind and quality.

33.     State Auto has breached its contract with Plaintiff and the members of the Class by not paying total loss claims upon the actual cash value of loss vehicles. State Auto departed from the use of actual cash value by basing its valuations and claims payments on the values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is unmeasurable, indiscernible, nonitemized, unspecified and/or unexplained.

34.     State Auto's breaches have resulted in a systemic failure to pay the actual cash value of total loss vehicles as required under the contract.

9

35.     State Auto's breaches and violations have caused damage to Plaintiff and the Class. Plaintiff's and proposed Class members' damages include the amounts illegally deducted by State Auto from the insureds' payments.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

36.     Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

37.     An actual case and controversy within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, which may be adjudicated by this Court exists between Plaintiff and the proposed Class and State Auto.

38.     Plaintiff, for herself and on behalf of the Class, seeks a declaration of rights and liabilities of the parties herein. Specifically, Plaintiff is seeking a declaration that in paying total loss claims with first-party insureds, it is a violation of Arkansas law and the insurance contract with State Auto for State Auto to base the valuation and payment of claims on values of comparable vehicles that have been reduced by "condition adjustments" that are unmeasurable, indiscernible, nonitemized, unspecified and/or unexplained.

39.     State Auto's unlawful common policy and general business practice as described herein are ongoing. Accordingly, State Auto has violated, and continues to violate, Arkansas law.

40.     As a result of these violations of Arkansas law, Plaintiff and the proposed Class members have been injured. Plaintiff's and proposed Class members' damages include the amounts illegally deducted by State Auto from the insureds' payments.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)   determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint undersigned counsel as Class Counsel;

b)   enter an order finding that State Auto's actions described herein constitute a breach of contract;

c)   enter a declaratory judgment that in paying total loss claims with first-party insureds, it is a violation of Arkansas law and the insurance contract with State Auto for State Auto to base the valuation and payment of claims on values of comparable vehicles that have been reduced by "condition adjustments" that unmeasurable, indiscernible, nonitemized, unspecified and/or unexplained;

d)   enter an order enjoining State Auto from basing the valuation and payment of claims on values of comparable vehicles that have been reduced by "condition adjustments" that are unmeasurable, indiscernible, nonitemized, unspecified or unexplained;

e)   enter an order requiring State Auto to pay compensatory damages to Plaintiff and all members of the proposed class in the amount of 100% of the proceeds that State Auto wrongfully deducted from their insureds' payments in the form of "condition adjustments" that included no itemization or explanation or alternatively enter an order requiring State Auto to prepare a total loss valuation for Plaintiff and each member of the

11

Class that does not include any "condition adjustments" or any other deduction that are unmeasurable, indiscernible, nonitemized, unspecified and unexplained;

f)      award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law,

g)      award reasonable attorneys' fees and costs pursuant to applicable law; and

h)      grant such other legal and equitable relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiff and the Class members hereby request a trial by jury.

Respectfully submitted,

HANK BATES (ABN 98063)
TIFFANY WYATT OLDHAM (ABN 2001287)
LEE LOWTHER (ABN 2013142)
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St.
Little Rock, AR  72201
Tel:  (501) 312-8500
Fax:  (501) 312-8505


BY:  _/s/ Hank Bates_____

*Counsel for Plaintiff and the Proposed Class*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-24  16:26:15
60CV-19-5234
C06D05 : 89 Pages

# EXHIBIT 1


## STATE AUTO
Insurance Companies

### Automobile ID Cards
Auto Policy

*State Auto Insurance Companies*
*P.O. Box 182738*
*Columbus, Ohio  43218-2738*

---

**STATE AUTO** Insurance Companies  Call *(800) 766-1853* to file a claim. For a glass only claim call *(888) 504-4527.*

**Arkansas Proof Of Insurance Card**

**Agency**                              **State Auto Issuing Company**
*Arkansas Insurance Advisors*      *Meridian Security*

| Policy Number | Effective Date | Expiration Date | NAIC# |
|---|---|---|---|
| *1000076759* | *11-27-17* | *11-27-18* | *23353* |

**Year   Make/Model**                  **Vehicle ID Number**
*2014   LEXUS RX 350*                  *2T2ZK1BA1E1111111*

**Name Insured**                       **Additional Driver(s)**
*Patrick Murphy*
*McKenzie Murphy*

**Insured's Address**
*6 CLEVELAND CIR*
*LITTLE ROCK, AR 72207-6305*

If your policy includes *Roadside Assistance, call (844) 546-5393* for 24 hour service.
This card must be carried in your vehicle at all times. You may be required to present his proof of insurance to a law enforcement officer upon request.
EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY OR BOND.

WARNING: THIS POLICY MAY HAVE AN EXCLUDED DRIVER

### *KEEP THESE CARDS IN YOUR VEHICLE AND WALLET AT ALL TIMES.*

You may be required to present this proof of insurance to a law enforcement officer upon request.

### *To report a claim:*

- Call your local agent.
- Call State Auto at *(800) 766-1853*
- Contact State Auto at *StateAuto.com*

Thank you for choosing *State Auto.*

AUTO-ID-AR (01/16)

---




**Ste A-6**

*Questions?*
*Visit us at StateAuto.com*
*or call (800) 288-4425*
*customer service.*

*Contact your independent*
*agent at (501) 436-6840*
*(OR)*
*10720 N Rodney Parham Rd*

*Little Rock, AR 72212-4177*

---

**STATE AUTO** Insurance Companies   Call *(800) 766-1853* to file a claim.  For a glass only claim call *(888) 504-4527.*

### Arkansas Proof Of Insurance Card

**Agency**                              **State Auto Issuing Company**
*Arkansas Insurance Advisors*      *Meridian Security*

| Policy Number | Effective Date | Expiration Date | NAIC# |
|---|---|---|---|
| *1000076759* | *11-27-17* | *11-27-18* | *23353* |

**Year   Make/Model**                  **Vehicle ID Number**
*2014   LEXUS RX 350*                  *2T2ZK1BA1E1111111*

**Name Insured**                       **Additional Driver(s)**
*Patrick Murphy*
*McKenzie Murphy*

**Insured's Address**
*6 CLEVELAND CIR*
*LITTLE ROCK, AR 72207-6305*

If your policy includes *Roadside Assistance, call (844) 546-5393* for 24 hour service. This card must be carried in your vehicle at all times. You may be required to present this proof of insurance to a law enforcement officer upon request. EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY OR BOND.

WARNING: THIS POLICY MAY HAVE AN EXCLUDED DRIVER

 **STATE AUTO** Insurance Companies

**Automobile ID Cards**
Auto Policy

*State Auto Insurance Companies*
*P.O. Box 182738*
*Columbus, Ohio  43218-2738*

---

**STATE AUTO** Insurance Companies

Call **(800) 766-1853** to file a claim. For a glass only claim call **(888) 504-4527.**

### Arkansas Proof Of Insurance Card

**Agency**
*Arkansas Insurance Advisors*

**State Auto Issuing Company**
*Meridian Security*

| **Policy Number** | **Effective Date** | **Expiration Date** | **NAIC#** |
|---|---|---|---|
| *1000076759* | *11-27-17* | *11-27-18* | *23353* |

**Year    Make/Model**
*2004   CADI ESCALADE EXT*

**Vehicle ID Number**
*3GYEK62N041111111*

**Name Insured**
*Patrick Murphy*
*McKenzie Murphy*

**Additional Driver(s)**

**Insured's Address**
*6 CLEVELAND CIR*
*LITTLE ROCK, AR 72207-6305*

---

f your policy includes **Roadside Assistance, call (844) 546-5393** for 24 hour service.
This card must be carried in your vehicle at all times. You may be required to present his proof of insurance to a law enforcement officer upon request.
EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY OR BOND.

WARNING: THIS POLICY MAY HAVE AN EXCLUDED DRIVER

---

### *KEEP THESE CARDS IN YOUR VEHICLE AND WALLET AT ALL TIMES.*

You may be required to present this proof of insurance to a law enforcement officer upon request.

*To report a claim:*

- Call your local agent.
- Call State Auto at **(800) 766-1853**
- Contact State Auto at *StateAuto.com*

Thank you for choosing *State Auto.*

AUTO-ID-AR (01/16)

---



 *StateAuto.com*

Ste A-6

*Questions?*
*Visit us at StateAuto.com*
*or call (800) 288-4425*
*customer service.*

***Contact your independent agent at (501) 436-6840 (OR)***
***10720 N Rodney Parham Rd***

**Little Rock, AR 72212-4177**

---

**STATE AUTO** Insurance Companies

Call **(800) 766-1853** to file a claim.  For a glass only claim call **(888) 504-4527.**

### Arkansas Proof Of Insurance Card

**Agency**
*Arkansas Insurance Advisors*

**State Auto Issuing Company**
*Meridian Security*

| **Policy Number** | **Effective Date** | **Expiration Date** | **NAIC#** |
|---|---|---|---|
| *1000076759* | *11-27-17* | *11-27-18* | *23353* |

**Year    Make/Model**
*2004    CADI ESCALADE EXT*

**Vehicle ID Number**
*3GYEK62N041111111*

**Name Insured**
*Patrick Murphy*
*McKenzie Murphy*

**Additional Driver(s)**

**Insured's Address**
*6 CLEVELAND CIR*
*LITTLE ROCK, AR 72207-6305*

---

If your policy includes **Roadside Assistance, call (844) 546-5393** for 24 hour service. This card must be carried in your vehicle at all times. You may be required to present this proof of insurance to a law enforcement officer upon request. EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY OR BOND.

WARNING: THIS POLICY MAY HAVE AN EXCLUDED DRIVER



**Corporate Office:**
State Auto Insurance Companies
518 East Broad Street
Columbus, Ohio 43215 - 3876

(614) 464-5000

# Your Personal Auto Policy

**State Auto Insurance Company:**
Meridian Security

In witness whereof, we have caused this policy to be signed by our Secretary and President, at Columbus Ohio, and countersigned on the declarations page by an authorized agent of the State Auto Insurance companies (if required by law).

Melissa A. Centers
Secretary

Michael E. LaRocco
President

# STATE AUTO
## Insurance Companies

**New Declaration**
Personal Auto Policy

*Issue Date: 11/21/2017*

*Arkansas Insurance Advisors*
*10720 N Rodney Parham Rd Ste A-6*
*Little Rock, AR 72212-4177*

## Total Policy Premium
## $1,875.21

**Named Insured and Mailing Address:**

Patrick Murphy
McKenzie Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

**Policy Number**

1000076759

**Policy Period**

11/27/17 - 11/27/18

**Coverage is provided by the following State Auto Company**

*Meridian Security*

*Policy period begins and ends at 12:01 a.m. standard time for the vehicles identified.*

## Your Covered Vehicles



**StateAuto.com**

**Questions?**

Visit us at **StateAuto.com**
or call **(800) 288-4425**
customer service.

**Contact your independent agent at (501) 436-6840.**

| | Veh 1: *2014 LEXUS RX 350* | Veh 2: *2004 CADILLAC ESCALADE EXT* |
|---|---|---|
| **VIN** | *2T2ZK1BA1E1111111* | *3GYEK62N041111111* |
| **Garage State** | *AR* | *AR* |
| **OTC Symbol** | *MN* | *N/A* |
| **Collision Symbol** | *MK* | *N/A* |
| **BI Symbol** | *GJ* | *LN* |
| **PD Symbol** | *MR* | *XR* |
| **PIP Symbol** | *KJ* | *MJ* |
| **Offering** | *Protection Plus* | *Protection Plus* |
| **Discounts Applied** | *Anti-Theft Device* | *N/A* |
| **Territory** | *G07* | *G07* |

## Your Covered Drivers

| Driver Name | Gender | Marital Status | Driver Status |
|---|---|---|---|
| *Mckenzie Murphy* | *Female* | *Married/Domestic Partner* | *Rated* |
| *Patrick Murphy* | *Male* | *Married/Domestic Partner* | *Rated* |

## Your Policy Level Coverages

| Coverage | Limit/Deductible | Veh 1: *2014 LEXUS RX 350* *2T2ZK1BA1E1111111* Premium | Veh 2: *2004 CADILLAC ESCALADE EXT* *3GYEK62N041111111* Premium |
|---|---|---|---|
| **Bodily Injury** | *$100,000 per person/ $300,000 per accident* | *$212.44* | *$246.82* |
| **Property Damage** | *$100,000* | *$201.41* | *$240.55* |

DECOV-PA (01/16)

Agency 0009033

# STATE AUTO
## Insurance Companies

*Arkansas Insurance Advisors*
*10720 N Rodney Parham Rd Ste A-6*
*Little Rock, AR 72212-4177*

## New Declaration
Personal Auto Policy

*Issue Date: 11/21/2017*

## Total Policy Premium
### $1,875.21

**Named Insured and Mailing Address:**

Patrick Murphy
McKenzie  Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

**Policy Number**

*1000076759*

**Policy Period**

*11/27/17 - 11/27/18*

**Coverage is provided by
the following State Auto Company**

*Meridian Security*

*Policy period begins and ends at 12:01 a.m. standard time for the vehicles identified.*

## Your Policy Level Coverages

| Coverage | Limit/Deductible | Veh 1: **2014 LEXUS RX 350** 2T2ZK1BA1E1111111 Premium | Veh 2: **2004 CADILLAC ESCALADE EXT** 3GYEK62N041111111 Premium |
|---|---|---|---|
| **Personal Injury Protection** | | $17.85 | $20.14 |
| **Medical Payments** | $5,000 | | |
| **Accidental Death** | $5,000 | | |
| **Work Loss** | Yes | | |
| **Uninsured Motorist Bodily Injury** | $100,000 per person/ $300,000 per accident | $56.39 | $56.39 |
| **Underinsured Motorist Bodily Injury** | $100,000 per person/ $300,000 per accident | $61.15 | $61.15 |
| **Roadside Assistance Coverage** | 100 Miles | $26.65 | $14.35 |
| **AutoXtended® Plus** | Included | Included | Included |

### STATE AUTO
Insurance Companies

**StateAuto.com**

**Questions?**

*Visit us at StateAuto.com or call (800) 288-4425 customer service.*

**Contact your independent agent at (501) 436-6840.**

## Your Vehicle Coverages

| Coverage | Veh 1: **2014 LEXUS RX 350** 2T2ZK1BA1E1111111 Limit/ Deductible | Premium | Veh 2: **2004 CADILLAC ESCALADE EXT** 3GYEK62N041111111 Limit/ Deductible | Premium |
|---|---|---|---|---|
| **Other Than Collision** | $1,000 | $180.66 | N/A | N/A |
| **Collision** | $1,000 | $429.22 | N/A | N/A |
| **Uninsured Motorist Property Damage** | $25,000/ $200 | $16.82 | $25,000/ $200 | $16.82 |
| **Transportation Expenses** | 30/900 | $16.40 | N/A | N/A |
| **Total Premium** | | $1,218.99 | | $656.22 |

# STATE AUTO
## Insurance Companies

*Arkansas Insurance Advisors*
*10720 N Rodney Parham Rd Ste A-6*
*Little Rock, AR 72212-4177*

## Total *Policy Premium*
### $1,875.21

**Named Insured and Mailing Address:**

Patrick Murphy
McKenzie Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

| **Policy Number** | **Policy Period** | **Coverage is provided by the following State Auto Company** |
|---|---|---|
| *1000076759* | *11/27/17 - 11/27/18* | *Meridian Security* |

*Policy period begins and ends at 12:01 a.m. standard time for the vehicles identified.*

## Your Policy Discounts

- *Multi-Policy Discount*
- *Multi-Car Discount*
- *State Auto Startup Discount*
    - *Advanced Quote*



**StateAuto.com**

**Questions?**

*Visit us at StateAuto.com or call (800) 288-4425 customer service.*

**Contact your independent agent at (501) 436-6840.**

## Your Forms and Endorsements

| Number | Edition Date | Name |
|---|---|---|
| *AP001* | *04/17* | *Portal Confirmation Page* |
| *App-PA* | *01/16* | *Application-Personal Auto* |
| *PP0001A* | *01/16* | *Personal Auto Policy (Cover Page)* |
| *PP0001B* | *01/07* | *Your Personal Auto Policy Quick Reference* |
| *PP0001* | *01/05* | *Personal Auto Policy* |
| *AU0177* | *10/15* | *Amendment of Policy Provisions - Arkansas* |
| *AU651AR* | *01/07* | *Policy Changes Froud Provision Arkansas* |
| *AU2073* | *02/06* | *Amendment of Cancellation Provision* |
| *AU101* | *01/09* | *Amendatory Endorsement - Amendment of Part B Medical Payments Coverage* |
| *AU650* | *01/07* | *Communicable Disease* |
| *AU706* | *01/11* | *Amendment to Supplementary Payments* |
| *PP0301* | *08/86* | *Federal Employees Using Autos in Government Business* |
| *PP0326* | *06/94* | *Liability Coverage Exclusion* |
| *PP1301* | *12/99* | *Coverage for Damage to Your Auto Exclusion Endorsement* |
| *PP2316* | *10/13* | *Personal Vehicle Sharing Program Exclusion Endorsement* |
| *AU1017* | *01/08* | *Recovered Vehicle Deductible Reimbursement Endorsement* |
| *AU677* | *06/15* | *Special Account Deductible* |

# STATE AUTO
### Insurance Companies

*Arkansas Insurance Advisors*
*10720 N Rodney Parham Rd Ste A-6*
*Little Rock, AR 72212-4177*

## New Declaration
### Personal Auto Policy

*Issue Date: 11/21/2017*

## Total Policy Premium
## $1,875.21

**Named Insured and Mailing Address:**

Patrick Murphy
McKenzie Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

**Policy Number**

*1000076759*

**Policy Period**

*11/27/17 - 11/27/18*

**Coverage is provided by**
**the following State Auto Company**

*Meridian Security*

*Policy period begins and ends at 12:01 a.m. standard time for the vehicles identified.*

## Your Forms and Endorsements

| Number | Edition Date | Name |
|---|---|---|
| PP0582 | 08/16 | Personal Injury Protection Coverage - Arkansas |
| PP0434 | 10/07 | Underinsured Motorists Coverage - Arkansas |
| PP0495 | 10/07 | Uniinsured Motorists Coverage- Arkansas |
| EX671 | 06/16 | AutoXtended Coverages Plus Endorsement |
| PP0302 | 06/98 | Optional Limits Transportation Expenses Coverage |
| AU1019 | 01/15 | Roadside Assistance Coverage |
| QUOTE-PA | 01/16 | Quote Proposal - Personal Auto |
| AGR002 | 01/16 | Policy Account Billing Conditions |



**StateAuto.com**

**Questions?**

*Visit us at StateAuto.com*
*or call (800) 288-4425*
*customer service.*

**Contact your independent**
**agent at (501) 436-6840.**

*This declaration page with policy forms and endorsements completes the policy. This policy will*
*continue in force for the period indicated upon valid payment of the premium, when due.*

DECOV-PA (01/16)    **Page 4 of 4**    Agency 0009033

# STATE AUTO INSURANCE COMPANIES
## CORPORATE HEADQUARTERS - 518 EAST BROAD STREET
## COLUMBUS, OHIO 43215

**Date:** 11/21/2017

**Policy:** 1000076759

**Insured:** Patrick Murphy
McKenzie Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

**Agent:** Arkansas Insurance Advisors
10720 N Rodney Parham Rd Ste A-6
Little Rock, AR 72212-4177
(501) 436-6840

Thank you for your business! Of all the options available to you, we appreciate the fact that you chose State Auto to provide your insurance protection.

We strive to provide quality coverage and service at a fair price. It is important to note that many factors are used to develop insurance premiums. Those items include information regarding prior insurance coverage. We use a Current Carrier report from LexisNexis to verify this information.

Information shown in the Current Carrier report is adversely impacting the premium for this policy. Specifically, the report shows:

**Reference number:** 17310171220131

You may request a free copy of the report by contacting:

LexisNexis
P.O. Box 105108
Atlanta, GA  30348-5108
1-800-456-6004

www.consumerdisclosure.com

It is important to note that, while the above organization provided the information, they did not make the decision that affected the premium on your policy; nor would they be able to tell you the reasons why this decision was made. Nevertheless, if you would like to obtain a copy of the report to confirm its accuracy or completeness, please call or write them directly at the above number or address within the next 60 days. If there is information on the report that you feel is incorrect or incomplete, you have the right to dispute the information with the above-mentioned company.

Sincerely,

Personal Lines Underwriting

FCRA 3 (01/10) Page 1 of 1

# STATE AUTO INSURANCE COMPANIES
## CORPORATE HEADQUARTERS - 518 EAST BROAD STREET
## COLUMBUS, OHIO 43215

**Date:** 11/21/2017

**Policy:** 1000076759

**Insured:** Patrick Murphy
McKenzie Murphy
6 CLEVELAND CIR
LITTLE ROCK, AR 72207-6305

**Agent:** Arkansas Insurance Advisors
10720 N Rodney Parham Rd Ste A-6
Little Rock, AR 72212-4177

**Telephone:** (501) 436-6840

Thank you for your business! Of all the options available to you, we appreciate the fact that you chose State Auto to provide your insurance protection.

We strive to provide quality coverage and service at a fair price. It is important to note that many factors are used to develop insurance premiums. Those items include information regarding motor vehicle records, loss history information, property characteristic and geographic information.   The Fair Credit Reporting Act requires us to notify you that your policy premium may be adversely affected as a result of information from a consumer report.

The following incidents were listed on a consumer report, but not all of the reasons listed below may have had an impact on your premium.

Reference number: 17310171220131

Reference number: MVR

You may request a free copy of the report by contacting:

Lexis Nexis Consumer Center
PO Box 105108
Atlanta, GA 30348-5108
1-800-456-6004
www.consumerdisclosure.com

You will need to provide your report reference number with all correspondence.

It is important to note that, while the above organization provided the information, they did not make the decision that affected the premium on your policy; nor would they be able to tell you the reasons why this decision was made. Nevertheless, if you would like to obtain a copy of the report to confirm its accuracy or completeness, please call or write them directly at the above number or address within the next 60 days. If there is information on the report that you feel is incorrect or incomplete, you have the right to dispute the information with the above-mentioned company.

Sincerely,


Personal Lines Underwriting

## SPECIAL CONTACT INFORMATION
## FOR ARKANSAS POLICYHOLDERS

### PLEASE ATTACH TO YOUR POLICY

Arkansas law (Act 197 of 1987, A.C.A. Section 23-79-138) requires that insurers provide policyholders with the name, address, and telephone number of their agent and company--plus the address and telephone number of the Arkansas Insurance Department. Pursuant to Arkansas regulations, this information is to be provided with every policy issued or renewed. While agent information is listed in the Declarations, company and Insurance Department information appears below.

For questions or additional information, please contact your agent or the company office listed below.

Corporate Communications
State Auto Insurance Companies

| Mailing Address | P.O. Box 182822 Columbus, OH 43218-2822 | 518 East Broad Street Columbus, OH 43215 | Physical Address |
|---|---|---|---|

Telephone No.: 800-444-9950

If we at State Auto fail to provide you with reasonable and adequate service, you should feel free to contact::

Arkansas Insurance Department
1200 West Third Street
Little Rock, AR 72201-1904
(501) 371-2640 or (800) 852-5494

AU370 (11/12)  Page 1 of 1

# IMPORTANT NOTICE

If a fire loss occurs, we are required by state law (Arkansas Code 12-13-303) to furnish relevant information relating to the loss to any state or federal law enforcement or other agency that has responsibility for investigation of fires, if:

*   The agency requests the information, or
*   After investigating the fire, we have reason to believe it was not of accidental origin.

If we provide information to a fire investigation agency, we will:

*   Notify you of that action within 90 days; and
*   Send you a copy of the report, if an authorized agency commences civil action or criminal prosecution.

Any information furnished to any authorized agency is to be held in confidence by the authorized agency and only released for use in a civil or criminal proceeding as authorized by a court of competent jurisdiction.

AU97 (04/04) Page 1 of 1

AGENCY CUSTOMER ID: _____



# ARKANSAS AUTO SUPPLEMENT

| AGENCY Arkansas Insurance Advisors | | NAMED INSURED(S) Patrick Murphy | |
|---|---|---|---|
| POLICY NUMBER 1000076759 | EFFECTIVE DATE 11/27/2017 | CARRIER Meridian Security | NAIC CODE 23353 |

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE SELECTION

I acknowledge that I have been offered Uninsured and Underinsured Motorists coverage limits equal to the minimum limits required by law. Minimum limits are $25,000 per person, $50,000 per accident for Bodily Injury, $25,000 per accident for Property Damage. I have also been offered limits equal to the liability limits of my policy. If I have rejected higher limits, my signature is provided here:

_____

Signature of Applicant

The Arkansas Insurance Laws (Section 23-89-403 and 23-89-404), amended, permits you, the insured named in the policy, to reject the Uninsured Motorists Coverage in its entirety or to reject the property damage only portion of the Uninsured Motorists Coverage. Uninsured Motorists Coverage provides insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, and for property damage to the insured vehicle for losses in excess of two hundred dollars ($200).

Under the Arkansas Insurance Laws (Section 23-89-209), amended, you, the insured named in the policy, are permitted to reject Underinsured Motorists Coverage. Underinsured Motorists Coverage enables the insured or his/her legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another vehicle. Coverage shall not be reduced by the other party's insurance coverage except to the extent that the injured party would receive compensation in excess of his/her damages.

In accordance with the Arkansas Insurance Laws (Section 23-89-403, 23-89-404 and 23-89-209), amended, the undersigned insured (and each of them):

☐ Agrees that both Uninsured and Underinsured Motorists Coverages afforded in the policy are hereby deleted.

☐ Agrees that the property damage only portion of the Uninsured Motorists Coverage afforded in the policy is hereby deleted.

☐ Agrees that only Underinsured Motorists Coverage afforded in the policy is hereby deleted.

Coverage is generally described here. Only the policy provides a complete description of the coverages and their limitations.

I understand that the coverage selection indicated here will apply to all future policy renewals, continuations and changes unless I notify you otherwise in writing.

_____          _____
Signature of Insured                                        Signature of Insured

ACORD 61 AR (2010/04)                    © 1994-2010 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## ARKANSAS PERSONAL INJURY PROTECTION SELECTION

I understand and acknowledge that Personal Injury Protection Insurance has been offered to me. The coverages and limits I have selected are indicated in the Application. If I have rejected any of these coverages, I have so indicated below.

I reject the following coverages indicated by my initials:

_____ $5,000 Medical Payments Statutory Limit
(initials)

_____ Medical Payments Insurance in its entirety
(initials)

_____ Work Loss Coverage
(initials)

_____ Accidental Death Benefits
(initials)

I understand that the coverage selection indicated here will apply to all future policy renewals, continuations and changes unless I notify you otherwise in writing.


_____
Signature of Insured


_____
Signature of Insured

**ACORD 61 AR (2010/04)**

ILN016 (09/03)

# ARKANSAS FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ARKANSAS NOTICE

The following statement is added to the policy:

IN THE REPAIR OF YOUR COVERED MOTOR VEHICLE UNDER THE PHYSICAL DAMAGE COVERAGE PROVISIONS OF THIS POLICY, WE MAY REQUIRE OR SPECIFY THE USE OF MOTOR VEHICLE PARTS NOT MADE BY THE ORIGINAL MANUFACTURER. THESE PARTS ARE REQUIRED TO BE AT LEAST EQUAL IN TERMS OF FIT, QUALITY, PERFORMANCE, AND WARRANTY TO THE ORIGINAL MANUFACTURER PARTS THEY REPLACE.

PP1385 (06/03)  Page 1 of 1

Copyright, ISO Properties, Inc., 2003

# Privacy Statement



## We protect you and your personal information

At State Auto®, we believe that having the right insurance means knowing your family is protected in case the worst happens. As part of this commitment, we treat your personal information responsibly. Our privacy statement explains how we collect, use, share and protect your personal information.

### Collecting personal information

We collect your personal information to provide our products and services. We collect personal information when you apply for insurance, file a claim, pay your insurance premium and conduct other transactions with us or your independent agent. We also collect your personal information from our affiliates, your independent insurance agent, government entities, consumer reporting agencies and other sources.

Here are some examples of the personal information that we collect:

- Name and address
- Social Security number
- Credit and motor vehicle reports
- Claims and vehicle history
- Property information

### Sharing your personal information

State Auto does not sell your personal information to anyone. We share your personal information with your independent agent and other companies to provide you with products and services that you request or expect from us. We also share your personal information as required or permitted by law.

We may share your personal information to:

- Service your policy or process a transaction you request
- Investigate and pay claims
- Comply with federal and state regulatory requests
- Market our products to you

State Auto shares personal information with nonaffiliated companies without your prior authorization as permitted or required by law. They may use it to investigate fraud, respond to court orders or conduct actuarial studies. We also share it with insurance regulatory authorities, law enforcement and consumer reporting agencies. They may retain it or disclose it to other companies with which you do business. These other companies use and disclose it to others as permitted by law. We obtain reports prepared by an insurance-support organization. The insurance-support organization keeps copies and discloses them to others.

### Sharing your personal information for marketing

State Auto may share your personal information with other State Auto companies, including information we receive from a credit reporting agency, such as insurance score and claims history. If you would like to opt out of this sharing, please fill out the opt-out form on the next page and mail it to the address on the form. State Auto does not share your information with other nonaffiliated companies so they can market their own products to you, unless you give us your permission. There is no need to opt out of sharing with nonaffiliated companies. We will not use your medical information for marketing purposes without your consent.

### Securing your personal information

At State Auto, we protect your personal information from unauthorized access and use by implementing security measures that comply with federal and state laws. Some of these security measures include computer safeguards, procedures, and secured files and buildings. We limit access to your personal information to those who need it to do their jobs.

*Continued on back*

StateAuto.com

Accessing your personal information

You can always ask us or your independent agent for a copy of your personal information. To correct personal information provided by another company, like a credit agency, you must contact those companies directly. To correct personal information on your policy, you may contact your independent insurance agent or State Auto. When requesting a correction please include your name, address and policy number. Mail the inquiry to:

Personal Underwriting Support Dept.
State Auto Insurance Companies
P.O. Box 182822
Columbus, Ohio 43218-2822

Our Privacy Statement applies to current and former customers of the State Automobile Mutual Insurance Company and the affiliates and subsidiaries that offer personal insurance. These include:

- State Auto Property and Casualty Insurance Company
- Meridian Security Insurance Company
- Milbank Insurance Company
- Patrons Mutual Insurance Company of Connecticut
- Rockhill Insurance Company
- Plaza Insurance Company

# State Auto Opt-Out Form

State Auto may share information about your transactions and experiences with other State Auto companies, which are called affiliates. This information can include information we receive from a credit reporting agency, such as insurance score and claims history. You may choose to opt out of this sharing by completing this form and mailing it to the address below.

I prefer that State Auto not share my personal information with its affiliates

State Auto does not share your information with other nonaffiliated companies so they can market their own products to you, unless you give us your permission. There is no need to opt out of sharing with nonaffiliated companies.

Patrick Murphy
_____        1000076759
Insured First and Last Name                                          Policy Number

6 CLEVELAND CIR, LITTLE ROCK, AR 72207-6305
_____
Address, City, State, and Zip Code

Please mail this form to

Personal Underwriting Support Dept.
State Auto Insurance Companies
P.O. Box 182822
Columbus, Ohio 43218-2822

READ YOUR POLICY CAREFULLY. This cover sheet provides only a brief outline of some of the important features of your policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth, in detail, the rights and obligations of both you and your insurance company. IT IS, THEREFORE, IMPORTANT THAT YOU READ YOUR POLICY.

# YOUR PERSONAL AUTO POLICY QUICK REFERENCE

| | | Page No. of PP0001 (01/05) |
|---|---|---|
| PERSONAL AUTO POLICY | DECLARATIONS (pages numbered separately)<br>Your Name and Address<br>Your Auto or Trailer<br>Policy Period<br>Coverages and Amounts of Insurance | |
| | AGREEMENT | 1 |
| | DEFINITIONS | 1-2 |
| PART A - LIABILITY COVERAGE | Exclusions | 3 |
| | Financial Responsibility | 4 |
| | Insuring Agreement | 2 |
| | Limit of Liability | 3-4 |
| | Other Insurance | 4 |
| | Out-of-State Coverage | 4 |
| | Supplementary Payments | 2 |
| PART B - MEDICAL PAYMENTS COVERAGE | Exclusions | 4 |
| | Insuring Agreement | 4 |
| | Limit of Liability | 5 |
| | Other Insurance | 5 |
| PART C - UNINSURED MOTORISTS COVERAGE | Arbitration | 7 |
| | Exclusions | 6 |
| | Insuring Agreement | 5 |
| | Limit of Liability | 6 |
| | Other Insurance | 6 |
| PART D - COVERAGE FOR DAMAGE TO YOUR AUTO | Appraisal | 9 |
| | Exclusions | 8-9 |
| | Insuring Agreement | 7 |
| | Limit of Liability | 9 |
| | No Benefit to Bailee | 9 |
| | Other Sources of Recovery | 9 |
| | Payment of Loss | 9 |
| | Transportation Expenses | 7-8 |
| PART E - DUTIES AFTER AN ACCIDENT OR LOSS | General Duties | 10 |
| | Additional Duties for Coverage for Damage to Your Auto | 10 |
| | Additional Duties for Uninsured Motorists Coverage | 10 |
| PART F - GENERAL PROVISIONS | Bankruptcy | 10 |
| | Changes | 10 |
| | Fraud | 10 |
| | Legal Action Against Us | 10 |
| | Our Right to Recover Payment | 10-11 |
| | Policy Period and Territory | 11 |
| | Termination | 11 |
| | Transfer of Your Interest in This Policy | 12 |
| | Two or More Auto Policies | 12 |
| ENDORSEMENTS | IF ANY: Endorsement number and edition date as specified in the Declarations | |

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:
1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.

If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
1. The end of 90 days following the spouse's change of residency;
2. The effective date of another policy listing the spouse as a named insured; or
3. The end of the policy period.

B. "We", "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:
1. Under a written agreement to that person; and
2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in quotation marks when used.

D. "Bodily injury" means bodily harm, sickness or disease, including death that results.

E. "Business" includes trade, profession or occupation.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

G. "Occupying" means:
1. In;
2. Upon; or
3. Getting in, on, out or off.

H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

I. "Trailer" means a vehicle designed to be pulled by a:
1. Private passenger auto; or
2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

J. "Your covered auto" means:
1. Any vehicle shown in the Declarations.
2. A "newly acquired auto".
3. Any "trailer" you own.
4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

   This Provision (J.4.) does not apply to Coverage For Damage To Your Auto.

K. "Newly acquired auto":
1. "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:
   a. A private passenger auto; or
   b. A pickup or van, for which no other insurance policy provides coverage, that:
      (1) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and
      (2) Is not used for the delivery or transportation of goods and materials unless such use is:
         (a) Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or
         (b) For farming or ranching.
2. Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.
   a. For any coverage provided in this policy except Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the

ISO Properties, Inc., 2003

date you become the owner. However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 14 days after you become the owner.

If a "newly acquired auto" replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without your having to ask us to insure it.

b. Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you

comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.

c. Other Than Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

(1) 14 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

(2) Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4 day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

## PART A - LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

2. Any person using "your covered auto".

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal

responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an "insured":

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

These payments will not reduce the limit of liability.

ISO Properties, Inc., 2003

EXCLUSIONS

A. We do not provide Liability Coverage for any "insured":

1. Who intentionally causes "bodily injury" or "property damage".

2. For "property damage" to property owned or being transported by that "insured".

3. For "property damage" to property:

   a. Rented to;

   b. Used by; or

   c. In the care of;

   that "insured".

   This Exclusion (A.3.) does not apply to "property damage" to a residence or private garage.

4. For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the "business" of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

   a. You;

   b. Any "family member"; or

   c. Any partner, agent or employee of you or any "family member".

7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6.

   This Exclusion (A.7.) does not apply to the maintenance or use of a:

   a. Private passenger auto;

   b. Pickup or van; or

   c. "Trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "family member" using "your covered auto" which is owned by you.

9. For "bodily injury" or "property damage" for which that "insured":

   a. Is an insured under a nuclear energy liability policy; or

   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

   a. Has fewer than four wheels; or

   b. Is designed mainly for use off public roads.

   This Exclusion (B.1.) does not apply:

   a. While such vehicle is being used by an "insured" in a medical emergency;

   b. To any "trailer"; or

   c. To any non-owned golf cart.

2. Any vehicle, other than "your covered auto", which is:

   a. Owned by you; or

   b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:

   a. Owned by any "family member"; or

   b. Furnished or available for the regular use of any "family member".

   However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:

   a. Owned by a "family member"; or

   b. Furnished or available for the regular use of a "family member".

4. Any vehicle, located inside a facility designed for racing, for the purpose of:

   a. Competing in; or

   b. Practicing or preparing for;

   any prearranged or organized racing or speed contest.

LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of

ISO Properties, Inc., 2003

liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part B or Part C of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged,

we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance.

---

## PART B - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":

1. Caused by accident; and
2. Sustained by an "insured".

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "Insured" as used in this Part means:

1. You or any "family member":
   a. While "occupying"; or
   b. As a pedestrian when struck by;
   a motor vehicle designed for use mainly on public roads or a trailer of any type.
2. Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":

1. Sustained while "occupying" any motorized vehicle having fewer than four wheels.
2. Sustained while "occupying" "your covered auto" when it is being used as a public or

livery conveyance. This Exclusion (2.) does not apply to a share-the-expense car pool.

3. Sustained while "occupying" any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".
5. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.
6. Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   a. Owned by any "family member"; or
   b. Furnished or available for the regular use of any "family member".
   However, this Exclusion (6.) does not apply to you.
7. Sustained while "occupying" a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (7.) does not apply to a "family

ISO Properties, Inc., 2003

member" using "your covered auto" which is owned by you.

8. Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". This Exclusion (8.) does not apply to "bodily injury" sustained while "occupying" a:

a. Private passenger auto;

b. Pickup or van; or

c. "Trailer" used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:

a. Discharge of a nuclear weapon (even if accidental);

b. War (declared or undeclared);

c. Civil war;

d. Insurrection; or

e. Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

a. Nuclear reaction;

b. Radiation; or

c. Radioactive contamination.

11. Sustained while "occupying" any vehicle located inside a facility designed for racing, for the purpose of:

a. Competing in; or

b. Practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part A or Part C of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C - UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "Insured" as used in this Part means:

1. You or any "family member".

2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

a. You or any "family member";

b. A vehicle which you or any "family member" are "occupying"; or

c. "Your covered auto".

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

a. Denies coverage; or

b. Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

ISO Properties, Inc., 2003

1. Owned by or furnished or available for the regular use of you or any "family member".
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
   1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
   2. By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":
   1. If that "insured" or the legal representative settles the "bodily injury" claim and such settlement prejudices our right to recover payment.
   2. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion (B.2.) does not apply to a share-the-expense car pool.
   3. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.3.) does not apply to a "family member" using "your covered auto" which is owned by you.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   1. Part A or Part B of this policy; or
   2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
   1. Workers' compensation law; or
   2. Disability benefits law.

OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

ISO Properties, Inc., 2003

ARBITRATION

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

INSURING AGREEMENT

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision":

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

9. Contact with bird or animal; or

10. Breakage of glass.

If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

C. "Non-owned auto" means:

1. Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member"; or

2. Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

a. Breakdown;

b. Repair;

c. Servicing;

d. Loss; or

e. Destruction.

TRANSPORTATION EXPENSES

A. In addition, we will pay, without application of a deductible, up to a maximum of $600 for:

1. Temporary transportation expenses not exceeding $20 per day incurred by you in the event of a loss to "your covered auto". We will pay for such expenses if the loss is caused by:

a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

b. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

ISO Properties, Inc., 2003

2. Expenses for which you become legally responsible in the event of loss to a "non-owned auto". We will pay for such expenses if the loss is caused by:
   a. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for any "your covered auto".
   b. "Collision" only if the Declarations indicate that Collision Coverage is provided for any "your covered auto".

   However, the most we will pay for any expenses for loss of use is $20 per day.

B. Subject to the provisions of Paragraph A., if the loss is caused by:
   1. A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:
      a. Beginning 48 hours after the theft; and
      b. Ending when "your covered auto" or the "non-owned auto" is returned to use or we pay for its loss.
   2. Other than theft of a "your covered auto" or a "non-owned auto", we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

   Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This Exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.

   This Exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".

3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.

4. Loss to any electronic equipment that reproduces, receives or transmits audio, visual or data signals. This includes but is not limited to:
   a. Radios and stereos;

   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.

   This Exclusion (4.) does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".

5. Loss to tapes, records, disks or other media used with equipment described in Exclusion 4.

6. A total loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities.

   This Exclusion (6.) does not apply to the interests of Loss Payees in "your covered auto".

7. Loss to:
   a. A "trailer", camper body, or motor home, which is not shown in the Declarations; or
   b. Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
      (1) Cooking, dining, plumbing or refrigeration facilities;
      (2) Awnings or cabanas; or
      (3) Any other facilities or equipment used with a "trailer", camper body, or motor home.

   This Exclusion (7.) does not apply to a:
   a. "Trailer", and its facilities or equipment, which you do not own; or
   b. "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:
      (1) Acquire during the policy period; and
      (2) Ask us to insure within 14 days after you become the owner.

8. Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

9. Loss to equipment designed or used for the detection or location of radar or laser.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

ISO Properties, Inc., 2003

a. Special carpeting or insulation;

b. Furniture or bars;

c. Height-extending roofs; or

d. Custom murals, paintings or other decals or graphics.

This Exclusion (10.) does not apply to a cap, cover or bedliner in or upon any "your covered auto" which is a pickup.

11. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:

a. Selling;

b. Repairing;

c. Servicing;

d. Storing; or

e. Parking;

vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to "your covered auto" or any "non-owned auto", located inside a facility designed for racing, for the purpose of:

a. Competing in; or

b. Practicing or preparing for;

any prearranged or organized racing or speed contest.

13. Loss to, or loss of use of, a "non-owned auto" rented by:

a. You; or

b. Any "family member";

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "family member", pursuant to the provisions of any applicable rental agreement or state law.

LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most we will pay for loss to:

1. Any "non-owned auto" which is a trailer is $1500.

2. Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the "non-owned auto";

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

ISO Properties, Inc., 2003

## PART E - DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. To physical exams by physicians we select. We will pay for these exams.

   b. To examination under oath and subscribe the same.

4. Authorize us to obtain:

   a. Medical reports; and

   b. Other pertinent records.

5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage For Damage To Your Auto must also:

1. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F - GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this policy.

### CHANGES

A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles;

2. Operators using insured vehicles;

3. The place of principal garaging of insured vehicles;

4. Coverage, deductible or limits.

If a change resulting from A. or B. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This Paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

### FRAUD

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the "insured" has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

ISO Properties, Inc., 2003

However, our rights in this Paragraph (A.) do not apply under Part D, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

## TERMINATION

A. Cancellation

This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

a. Returning this policy to us; or

b. Giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. At least 10 days' notice:

(1) If cancellation is for nonpayment of premium; or

(2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

b. At least 20 days' notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

a. For nonpayment of premium; or

b. If your driver's license or that of:

(1) Any driver who lives with you; or

(2) Any driver who customarily uses "your covered auto";

has been suspended or revoked. This must have occurred:

(1) During the policy period; or

(2) Since the last anniversary of the original effective date if the policy period is other than 1 year; or

c. If the policy was obtained through material misrepresentation.

B. Nonrenewal

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

C. Automatic Termination

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. Other Termination Provisions

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

ISO Properties, Inc., 2003

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

B. Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

ISO Properties, Inc., 2003

Personal Auto

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDMENT OF POLICY PROVISIONS - ARKANSAS

I.  **Definitions**
    The Definitions Section is amended as follows:
    A.  Throughout the policy, "minimum limits" refers to the following limits of liability, as required by Arkansas law, to be provided under a policy of automobile liability insurance:
        1.  $25,000 for each person, subject to $50,000 for each accident, with respect to "bodily injury"; and
        2.  $25,000 for each accident with respect to "property damage".
    B.  Definition K. is replaced by the following:
        "Newly acquired auto":
        1.  "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:
            a.  A private passenger auto; or
            b.  A pickup or van, for which no other insurance policy provides coverage, that:
                (1) Has a Gross Vehicle Weight of less than 10,000 lbs.; and
                (2) Is not used for the delivery or transportation of goods and materials unless such use is:
                    (a) Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or
                    (b) For farming or ranching.
        2.  Coverage for a "newly acquired auto" is provided as described below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for a "newly acquired auto" will begin at the time you request the coverage.
            a.  For any coverage provided in this policy except Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a "newly acquired auto" which is in addition to any vehicle shown in the Declarations, you must ask us to insure it within 20 days after you become the owner.
                If a "newly acquired auto" replaces a vehicle shown in the Declarations,

coverage is provided for this vehicle without your having to ask us to insure it.
            b.  Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:
                (1) 20 days after you become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.
                (2) Four days after you become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If you comply with the 4-day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.
            c.  Other Than Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:
                (1) 20 days after you become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.
                (2) Four days after you become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the 4-day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

II. **Part A - Liability Coverage**
    Part A is amended as follows:
    A.  The Other Insurance Provision is replaced by the following:

AU0177 (10/15) Page 1 of 5

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance. However, we will provide primary insurance for a vehicle you do not own if:

1. A duly licensed automobile dealer provides a vehicle to you or a "family member":
   a. For use as a temporary substitute while "your covered auto" is out of normal use because of its breakdown, repair or servicing; or
   b. To demonstrate the vehicle; or
2. The vehicle is rented or leased by you or any "family member" from a rental company for a period not more than 90 days.

**III. Part B - Medical Payments Coverage**

Part B is amended as follows:

A. The Other Insurance Provision is replaced by the following:

   **OTHER INSURANCE**

   If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses. However, we will provide primary insurance for a vehicle you do not own if:

   1. A duly licensed automobile dealer provides a vehicle to you or a "family member":
      a. For use as a temporary substitute while "your covered auto" is out of normal use because of its breakdown, repair or servicing; or
      b. To demonstrate the vehicle; or
   2. The vehicle is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

**IV. Part D - Coverage For Damage To Your Auto**

Part D is amended as follows:

A. Exclusion 7. is replaced by the following:
   We will not pay for:
   7. Loss to:
      a. A "trailer", camper body, or motor home, which is not shown in the Declarations; or

b. Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
   (1) Cooking, dining, plumbing or refrigeration facilities;
   (2) Awnings or cabanas; or
   (3) Any other facilities or equipment used with a "trailer", camper body, or motor home.
This Exclusion (7.) does not apply to a:
   a. "Trailer", and its facilities or equipment, which you do not own; or
   b. "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:
      (1) Acquire during the policy period; and
      (2) Ask us to insure within 20 days after you become the owner.

B. The last sentence of the Payment Of Loss Provision is replaced by the following:
   If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property. However, if the loss is a total loss to "your covered auto" or any "non-owned auto" and we elect either to pay for loss in money or offer a comparable replacement vehicle, our payment for loss will include, other than payment for any applicable deductible shown in the Declarations, all:
   1. Applicable taxes;
   2. License fees; and
   3. Other fees;
   actually incurred incident to transfer of evidence of ownership of a comparable replacement vehicle.

C. The Other Sources Of Recovery Provision is replaced by the following:
   **OTHER SOURCES OF RECOVERY**
   If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:
   1. Any coverage provided by the owner of the "non-owned auto";
   2. Any other applicable physical damage insurance;
   3. Any other source of recovery applicable to the loss.
   However, we will provide primary insurance for a vehicle you do not own if:

Includes copyrighted material of Insurance Services Office, Inc., with its permission

1. A duly licensed automobile dealer provides a vehicle to you or a "family member":
   a. For use as a temporary substitute for "your covered auto" while it is out of normal use because of its breakdown, repair or servicing; or
   b. To demonstrate the vehicle; or
2. The vehicle is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

D. The Appraisal Provision is replaced by the following:

   APPRAISAL

   If we and you do not agree on the amount of loss, an appraisal of the loss may be made. However, an appraisal will be made only if both we and you agree, voluntarily, to have the loss appraised. If so agreed, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. An appraisal decision will not be binding on either party. Each party will:
   1. Pay its chosen appraiser; and
   2. Bear the expenses of the appraisal and umpire equally.

   We do not waive any of our rights under this policy by agreeing to an appraisal.

## V. Part F - General Provisions

Part F is amended as follows:

A. The Fraud Provision does not apply to Part A - Liability Coverage.

B. The following is added to the Our Right To Recover Payment Provision:

   OUR RIGHT TO RECOVER PAYMENT

   We shall be entitled to a recovery under Paragraph A. or B. only after the person has been fully compensated for damages.

C. The Termination Provision of Part F is replaced by the following:

   TERMINATION

   Cancellation

   This policy may be cancelled during the policy period as follows:
   1. The named insured shown in the Declarations may cancel by:
      a. Returning this policy to us; or
      b. Giving us advance written notice of the date cancellation is to take effect.
   2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   a. At least 10 days' notice if cancellation is for nonpayment of premium; or
   b. At least 20 days' notice in all other cases.
3. When this policy is in effect for 60 days or more, or if this is a renewal or continuation policy, we will cancel only:
   a. For nonpayment of premium; or
   b. If the policy was obtained through material misrepresentation; or
   c. If your driver's license or that of:
      (1) Any driver who lives with you; or
      (2) Any driver who customarily uses "your covered auto";

      has been suspended or revoked. This must have occurred:
      (1) During the policy period; or
      (2) Since the last anniversary of the original effective date if the policy period is other than 1 year.
      However, we may not cancel under Paragraph (C.3.c.) solely because of the administrative suspension or revocation of the insured's driver's license due to the influence or use of alcohol or a controlled substance as set forth in ARK. CODE ANN. Section 5-65-104.
   d. The named insured or any driver of the insured vehicle shall be convicted of:
      (1) Driving while intoxicated;
      (2) Homicide or assault arising out of the use of a motor vehicle; or
      (3) Three (3) separate convictions of speeding or reckless driving, or any combination of the two during the policy period, including three (3) months prior to the effective date of the policy.

Nonrenewal

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period. Subject to this notice requirement, if the policy period is:
1. Less than one year, we will have the right not to renew or continue this policy at the end of the policy period.
2. 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

Includes copyrighted material of Insurance Services Office, Inc., with its permission

**Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. If we cancel, we will refund you the pro rata unearned premium. If you cancel, we will refund you 90% of the pro rata unearned premium.

   However, we will refund you the full pro rata unearned premium if:

   a. You cancel this policy because:

      (1) You have disposed of "your covered auto", and you insure another auto with us under a new policy, to become effective within 30 days of the effective date of cancellation of this policy; or

      (2) "Your covered auto" has been repossessed under the terms of a financing agreement; or

      (3) You are entering the armed forces of the United States of America; or

      (4) "Your covered auto" was stolen or destroyed, and you request cancellation:

         (a) Within 30 days following the date "your covered auto" was stolen or destroyed; or

         (b) Within 15 days of the time we determined "your covered auto" was destroyed, or if stolen, to be unrecoverable.

   b. You cancel this policy but there remains in force with us a policy in your name insuring another auto.

   c. This policy is written for a term of greater than one year and you cancel the policy after it has been in effect for one year.

Making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

VI. **Snowmobile Endorsement Amendment**

If the Snowmobile endorsement is attached to this policy, the provisions of the Snowmobile endorsement apply except as follows:

Paragraph D. of the Definitions Section is replaced by the following:

D. The term "your covered auto" is replaced by the term "your covered snowmobile". "Your covered snowmobile" means:

   1. Any "snowmobile" shown in the Schedule or in the Declarations.

   2. Any "snowmobile" on the date you become the owner. This provision applies only if you:

      a. Acquire the "snowmobile" during the policy period; and

      b. Ask us to insure it within 20 days after you become the owner.

   3. Any "snowmobile" you do not own while used as a temporary substitute for any other "snowmobile" described in this definition which is out of normal use because of its:

      a. Breakdown;

      b. Repair;

      c. Servicing;

      d. Loss; or

      e. Destruction.

      This Provision (3.) does not apply to Coverage For Damage To Your Auto.

VII. **Named Non-Owner Coverage Endorse-ment Amendment**

If the Named Non-Owner Coverage endorsement is attached to this policy, the provisions of the Named Non-Owner Coverage endorsement apply except as follows:

Paragraph B. of the Definitions Section is replaced by the following:

B. The Definition of "newly acquired auto" is replaced by the following:

   "Newly acquired auto" means any of the following types of vehicles on the date you become the owner:

   a. A private passenger auto; or

   b. A pickup or van that:

      (1) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less.; and

      (2) Is not used for the delivery or transportation of goods and materials unless such use is:

Includes copyrighted material of Insurance Services Office, Inc., with its permission

    (a)  Incidental to your "business" of maintaining or repairing furnishings or equipment; or

    (b)  For farming or ranching.

This provision applies only:

a.  If you acquire the vehicle during the policy period; and

b.  For 20 days after you become the owner.

This insurance does not apply if other insurance applies with respect to newly acquired vehicles.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

AU0177 (10/15) Page 5 of 5
*/AU0177-201510

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# POLICY CHANGES
# FRAUD PROVISION
# ARKANSAS

The FRAUD Provision of Part F - General Provisions is hereby deleted in its entirety and replaced by the following:

FRAUD

The entire policy will be void if any person we insure has:

1. Intentionally concealed or misrepresented any material fact or circumstance with respect to the application for, or continuation of, the policy; or

2. Made false statements or engaged in fraudulent conduct in connection with any accident or loss for which recovery is sought under this policy.

This provision does not apply to Part A - Liability Coverage.

All other provisions of the policy apply.

AU651AR (01/07)  Page 1 of 1

# AMENDMENT OF CANCELLATION PROVISION

Part F - General Provisions

Termination

Paragraph A.1., Cancellation, is replaced by the following:

1.  Any named insured shown in the Declarations may cancel by:

    a.  Returning this policy to us; or

    b.  Giving us advance, written notice of the date cancellation is to take effect.

All remaining cancellation provisions are unchanged.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDATORY ENDORSEMENT
# AMENDMENT OF PART B - MEDICAL PAYMENTS COVERAGE

Part B - Medical Payments Coverage, Insuring Agreement, Section A, is deleted and replaced with the following:

INSURING AGREEMENT

A. We will pay "reasonable medical expenses" incurred for necessary and related medical services, and reasonable funeral expenses, because of "bodily injury":

1. Caused by accident; and

2. Sustained by an "insured".

We will pay "reasonable medical expense" and/or funeral expenses only if incurred for services rendered within 3 years from the date of the accident that caused the "bodily injury".

For purposes of this Medical Payments Coverage, "reasonable medical expense" means the lesser of:

1. The negotiated amount that the health-care provider agrees to accept as part of a preferred provider (or similar) agreement; or

2. A charge for treatment or service which we determine is not more than what 90% of all health-care providers would charge for the same, or similar, treatment or service within a standard (as defined by us) geographic cost area.

AU101 (01/09)  Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# COMMUNICABLE DISEASE EXCLUSION

The following exclusion applies to this policy:

> This policy does not provide coverage for "bodily injury" or "property damage"
> arising out of the transmission of sickness or disease by an "insured" through
> sexual contact.

All other provisions of the policy apply.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

AU650 (01/07)   Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## AMENDMENT TO SUPPLEMENTARY PAYMENTS
### (Appeal Bonds)

Under Part A, Liability Coverage, Supplementary Payments, item 2. is deleted and replaced by the following:

2. Premiums on appeal bonds and bonds to release attachments, but not in excess of our limit of liability as stated on the Declarations Page, in any suit we defend. We are not required to apply for, secure, or otherwise furnish these bonds.

All other provisions of the policy apply.

AU706 (01/11)  Page 1 of 1

**PERSONAL AUTO**
**PP 03 01 08 86**

## FEDERAL EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS

The following are not "insured's" under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the "bodily injury" or "property damage".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

**PERSONAL AUTO**
**PP 03 26 06 94**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## LIABILITY COVERAGE EXCLUSION ENDORSEMENT

**LIABILITY COVERAGE**

The following exclusion is added to Part **A,** Section **A:**

We do not provide Liability Coverage for any "insured" for "bodily injury" to you or any "family member".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

**PERSONAL AUTO**
**PP 13 01 12 99**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**I. Definitions**

The following definition is added:

"Diminution in value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**II. Part D – Coverage For Damage To Your Auto**

The following exclusion is added:

We will not pay for:

Loss to "your covered auto" or any "non-owned auto" due to "diminution in value".

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

**PERSONAL AUTO**
**PP 23 16 10 13**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## PERSONAL VEHICLE SHARING PROGRAM EXCLUSION ENDORSEMENT

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### I. Part A – Liability Coverage

Part **A** is amended as follows:

The following exclusion is added:

We do not provide Liability Coverage for the ownership, maintenance or use of:

"Your covered auto" while:

**a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and

**b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

### II. Part B – Medical Payments Coverage

Part **B** is amended as follows:

The following exclusion is added:

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":

Sustained while "occupying", or when struck by, "your covered auto" while:

**a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and

**b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

### III. Part C – Uninsured Motorists Coverage

Part **C** is amended as follows:

The following exclusion is added:

We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

By any "insured" while "occupying", or when struck by, "your covered auto" while:

**a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and

**b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

### IV. Part D – Coverage For Damage To Your Auto

Part **D** is amended as follows:

The following exclusions are added:

We will not pay for:

Loss to "your covered auto" which occurs while:

**a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and

**b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

Loss to, or loss of use of, a "non-owned auto" used by:

**a.** You; or

**b.** Any "family member";

in connection with a personal vehicle sharing program if the provisions of such a personal vehicle sharing program preclude the recovery of such loss or loss of use, from you or that "family member", or if otherwise precluded by any state law.

### V. Underinsured Motorist Coverage Endorsement

If the Underinsured Motorists Coverage Endorsement is attached to the policy, the following exclusion is added:

We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

By any "insured" while "occupying", or when struck by, "your covered auto" while:

**a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and

**b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

© Insurance Services Office, Inc., 2012

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# RECOVERED VEHICLE
# DEDUCTIBLE REIMBURSEMENT ENDORSEMENT

1. "Vehicle Recovery System" (VRS) means an electronic system using radio location (RF) or a global-positioning system (GPS) to locate "your covered "auto."

2. The following is added to Part D:

   We will repay the Other Than Collision Deductible, if shown on the Declarations, for a theft "loss" to "your covered auto" when:

   a. "Your covered auto" is equipped with a "VRS;" and

   b. "Your covered auto" is later recovered with the aid of its activated "VRS."

All other provisions of the policy apply.

AU1017 (01/08)   Page 1 of 1

AU677 (06/15)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SPECIAL ACCOUNT DEDUCTIBLE ENDORSEMENT

If we insure your home and auto(s) and there is a covered loss caused by a single accident or occurrence that affects both your Homeowners and Personal Auto Policies, we will apply only one deductible. The deductible to be applied will be the higher of either your homeowners Section I deductible or "your covered auto's" physical damage deductible that applies to the loss. The highest deductible applies to the total of all damages which results from the same accident or occurrence.

Deductibles will be applied separately when this would be to your benefit.

This provision does not replace or waive any peril or coverage specific to homeowners deductibles. This includes, but is not limited to, earthquake, water back-up or sump overflow, freezer contents, or watercraft deductibles.

All other provisions of the policy apply.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## PERSONAL INJURY PROTECTION COVERAGE – ARKANSAS

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### SCHEDULE

| Benefits | Vehicle to Which Benefit Applies | Limit of Liability | Premium |
|---|---|---|---|
| ☐ Medical Payments | Any "motor vehicle" which is registered or principally garaged in Arkansas and is: | $ _____ per person. | $ _____ |
| | ☐ Owned by the "named insured" and covered under Part **A** of this policy. | $ _____ per "pedestrian" other than the "named insured" or any "family member". | |
| | ☐ _____ . | | |
| ☐ Work Loss | Any "private passenger motor vehicle" which is registered or principally garaged in Arkansas and is: | 70% of loss of gross income up to a maximum of $140 per week for an income earner. | $ _____ |
| | ☐ Owned by the "named insured" and covered under Part **A** of this policy. | Up to $70 per week for a non-income earner. | |
| | ☐ _____ . | | |
| ☐ Accidental Death | Any "private passenger motor vehicle" which is registered or principally garaged in Arkansas and is: | $5,000 per person. | $ _____ |
| | ☐ Owned by the "named insured" and covered under Part **A** of this policy. | | |
| | ☐ _____ . | | |
| Total Premium | | | $ _____ |

## I. DEFINITIONS

The Definitions section is amended as follows:

**A.** The following definitions are replaced:

    **1.** "Occupying" means:

        **a.** In or upon;

        **b.** Entering into; or

        **c.** Alighting from.

**2.** With respect to medical payments, "your covered auto" means a "motor vehicle" shown in the Schedule or Declarations to which medical payments apply. This includes:

    **a.** A "private passenger auto" not owned by the "named insured" while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

        **(1)** Breakdown;

© Insurance Services Office, Inc., 2016

**(2)** Repair;

**(3)** Servicing;

**(4)** Loss; or

**(5)** Destruction.

**b.** A trailer designed for use with a "private passenger auto" provided such trailer is not being used for business purposes with another type vehicle.

**3.** With respect to work loss and accidental death, "your covered auto" means a "private passenger motor vehicle" shown in the Schedule or Declarations to which work loss applies. This includes:

**a.** A "private passenger auto" not owned by the "named insured" while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

**(1)** Breakdown;

**(2)** Repair;

**(3)** Servicing;

**(4)** Loss; or

**(5)** Destruction.

**b.** A trailer designed for use with a "private passenger auto" provided such trailer is not being used for business purposes with another type vehicle.

**B.** The following definitions are added:

**1.** "Motor vehicle" means a land motor vehicle, trailer or semitrailer. However, "motor vehicle" does not include a:

**a.** Farm tractor or other equipment, designed for use mainly off public roads, while not upon public roads;

**b.** Vehicle operated upon rails or crawler treads; or

**c.** Vehicle located for use as a residence or premises.

**2.** "Named insured" means the person named in the Declarations.

**3.** "Pedestrian" means any person who is not "occupying" any vehicle other than a:

**a.** Motorcycle; or

**b.** Vehicle operated by human or animal power.

**4.** "Private passenger auto" means a "motor vehicle" which is a:

**a.** Private passenger;

**b.** Station wagon; or

**c.** Jeep type;

automobile.

**5.** "Private passenger motor vehicle" means a "motor vehicle" which is a:

**a.** "Private passenger auto".

**b.** Pickup or van not customarily used for:

**(1)** Occupational;

**(2)** Professional; or

**(3)** Business;

purposes, other than farming or ranching.

**c.** Motorcycle.

However, "private passenger motor vehicle" does not include a "motor vehicle" used as a public or livery conveyance for passengers, including but not limited to any period of time a "motor vehicle" is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

**C.** "Insured" as used in this endorsement means:

**1.** The "named insured" or any "family member" who sustains "bodily injury" while:

**a.** "Occupying"; or

**b.** A "pedestrian" struck by;

a "motor vehicle".

**2.** Any other person who sustains "bodily injury":

**a.** While:

**(1)** "Occupying"; or

**(2)** A "pedestrian" struck by;

"your covered auto".

**b.** While "occupying" a "motor vehicle" other than "your covered auto". The "bodily injury" must result from the:

**(1)** Use of such "motor vehicle" by the "named insured";

© Insurance Services Office, Inc., 2016

**(2)** Operation of such "motor vehicle" by the "named insured's" private chauffeur or domestic servant on behalf of the "named insured"; or

**(3)** Use of such "motor vehicle" by any "family member" if the "motor vehicle" is a "private passenger auto" or trailer.

However, this Provision **(2.b.)** does not apply to work loss or accidental death.

## II. PERSONAL INJURY PROTECTION COVERAGE

### INSURING AGREEMENT

**A.** We will pay personal injury protection benefits to or for an "insured" who sustains "bodily injury". The "bodily injury" must:

**1.** Be caused by an accident; and

**2.** Arise out of the maintenance or use of a "motor vehicle" as a "motor vehicle".

We will only pay those benefits for which either the word included, or a specific premium, is shown in the Schedule or Declarations.

**B.** Subject to the limits shown in the Schedule or Declarations, personal injury protection benefits consist of the following:

**1.** Medical payments. All reasonable and necessary expenses incurred within 2 years from the date of the accident for:

**a.** Medical, hospital, x-ray, professional nursing, dental, surgical, ambulance, prosthetic and funeral expenses; and

**b.** Any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical payments do not include expenses in excess of those required for a semi-private room, unless more intensive care is required.

**2.** Work loss.

**a.** If an "insured" is an income earner, loss of income from work that "insured" would have performed had he not sustained "bodily injury".

**b.** If an "insured" is a non-income earner, expenses reasonably incurred in obtaining ordinary and necessary services instead of those that "insured" would have performed, without income and for the benefit of himself or his family, had he not sustained "bodily injury".

Work loss applies only to the period beginning 8 days after the date of the accident and not exceeding 52 weeks. However, work loss does not include any loss or expense after the death of an "insured".

**3.** Accidental death. A death benefit paid if "bodily injury" resulting from the accident causes the death of an "insured" within 1 year from the date of the accident. The "bodily injury" must be the sole cause of death.

### EXCLUSIONS

**A.** We will not provide Personal Injury Protection Coverage for "bodily injury":

**1.** Sustained by any "insured" while:

**a.** Operating "your covered auto" without the "named insured's" express or implied consent; or

**b.** Not in lawful possession of "your covered auto".

**2.** Due to:

**a.** War (declared or undeclared);

**b.** Civil war;

**c.** Insurrection;

**d.** Rebellion or revolution; or

**e.** Any act or condition incident to any of the above.

**3.** Resulting from the:

**a.** Radioactive;

**b.** Toxic;

**c.** Explosive; or

**d.** Other hazardous;

properties of nuclear material.

**B.** We do not provide coverage for medical payments or work loss for "bodily injury" sustained by any "insured" to the extent that benefits are, in whole or in part, paid or payable under any of the following or similar law:

**1.** Workers' compensation law; or

**2.** Employer's disability law.

**C.** We do not provide coverage for work loss or accidental death sustained by:

**1.** The "named insured" while "occupying" any "private passenger motor vehicle" other than "your covered auto" which is:

**a.** Owned by; or

**b.** Furnished or available for the regular use of;

the "named insured".

**2.** Any "family member" while "occupying" any "private passenger motor vehicle", other than "your covered auto", which is:

**a.** Owned by; or

**b.** Furnished or available for the regular use of;

the "named insured" or that "family member".

**3.** Any "family member" entitled to similar coverage as a named insured under another policy which provides personal injury protection benefits equal to or greater than those required by the Arkansas statutes.

**4.** Any "insured", other than the "named insured" or any "family member", entitled to similar coverage as a named insured or family member under another policy which provides personal injury protection benefits equal to or greater than those required by the Arkansas statutes.

**D.** We will not provide coverage for medical payments for "bodily injury" sustained by:

**1.** The "named insured" while "occupying" any "motor vehicle", other than "your covered auto", which is:

**a.** Owned by; or

**b.** Furnished or available for the regular use of;

the "named insured".

**2.** Any "family member" while "occupying" any "motor vehicle", other than "your covered auto", which is:

**a.** Owned by; or

**b.** Furnished or available for the regular use of;

the "named insured" or that "family member".

**3.** Any "insured", other than the "named insured" or any "family member", while "occupying" any "motor vehicle" other than "your covered auto" which is:

**a.** Owned by; or

**b.** Furnished or available for the regular use of;

the "named insured" or any "family member".

**4.** Any "insured" while "occupying" "your covered auto" when it is being used as a public or livery conveyance unless such use is stated in the Declarations. This includes but is not limited to any period of time "your covered auto" is being used by any "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

**5.** Any "insured", other than the "named insured" or any "family member", while "occupying" any "motor vehicle" other than "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time any "motor vehicle" other than "your covered auto" is being used by any "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

**6.** Any "insured" other than the "named insured" or any "family member":

**a.** While "occupying" any "motor vehicle", other than "your covered auto", while employed or otherwise engaged in the business or occupation of:

**(1)** Selling;

**(2)** Repairing;

**(3)** Servicing;

**(4)** Storing; or

**(5)** Parking;

"motor vehicles".

**b.** Arising out of the maintenance or use of any "motor vehicle", other than "your covered auto" or a motorcycle, by that "insured" while employed or otherwise engaged in any business or occupation not described in **6.a.** This exclusion **(6.b.)** does not apply to "bodily injury" resulting from the operation or occupancy of a:

**(1)** "Private passenger auto"; or

**(2)** Trailer used with such "private passenger auto" or "your covered auto";

by the "named insured" or his private chauffeur or domestic servant.

© Insurance Services Office, Inc., 2016

7. Any "insured" while "occupying" any "motor vehicle", other than "your covered auto", unless that "insured" has, or reasonably believes he has, the permission of the owner to use such "motor vehicle".

## PAYMENT OF BENEFITS

We may pay medical payments or work loss to an "insured" or any person or organization rendering the services. Such payment shall reduce the amount payable under this coverage for "bodily injury" sustained by that "insured".

## COORDINATION OF COVERAGE

Any coverage provided by this endorsement for medical payments will replace any coverage afforded under Part **B** of this policy with respect to "your covered auto" which is registered or principally garaged in Arkansas.

## LIMIT OF LIABILITY

The limits of liability shown in the Schedule or Declarations for Personal Injury Protection Coverage are the most we will pay each "insured" injured in any one "motor vehicle" accident, regardless of the number of:

1. "Insureds";
2. Policies or bonds applicable;
3. Claims made; or
4. "Your covered autos".

## OTHER INSURANCE

**A.** Any insurance we provide for medical payments:

1. With respect to "bodily injury" sustained by any "family member", shall be excess over any other collectible insurance available to that "family member" as a named insured under another motor vehicle insurance policy providing direct benefits without regard to fault.

2. With respect to "bodily injury" sustained by an "insured", other than the "named insured" or any "family member", shall be excess over any other collectible similar insurance available to that "insured" as a named insured or family member under another motor vehicle insurance policy providing direct benefits without regard to fault.

**B.** Except as provided in **A.** above, if there is other similar collectible insurance which provides coverage for medical payments, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, we will provide primary insurance for a "motor vehicle" you do not own if:

1. A duly licensed automobile dealer provides a "motor vehicle" to the "named insured" or a "family member":

   **a.** For use as a temporary substitute for any other "your covered auto" while it is out of normal use because of its:

      **(1)** Breakdown;

      **(2)** Repair; or

      **(3)** Servicing; or

   **b.** To demonstrate the "motor vehicle"; or

2. The "motor vehicle" is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

**C.** No one shall be entitled to recover duplicate payments for medical payments for the same elements of loss.

**D.** Any insurance we provide for work loss or accidental death shall be excess over any other collectible insurance available to:

1. An "insured", other than the "named insured" or any "family member", under another motor vehicle insurance policy. In this event, our maximum limit of liability will be the amount by which the applicable limit of liability shown in the Schedule or Declarations exceeds the applicable limits of liability of all other insurance.

2. The "named insured" or any "family member" under any other motor vehicle insurance policy. In this event:

   **a.** The maximum recovery under all policies shall not exceed the highest limit of liability under any one policy.

   **b.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, we will provide primary insurance for a "motor vehicle" you do not own if:

1. A duly licensed automobile dealer provides a "motor vehicle" to the "named insured" or a "family member":

   **a.** For use as a temporary substitute for any other "your covered auto" while it is out of normal use because of its:

      **(1)** Breakdown;

**(2)** Repair; or

**(3)** Servicing; or

**b.** To demonstrate the "motor vehicle"; or

**2.** The "motor vehicle" is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

## III. PART E – DUTIES AFTER AN ACCIDENT OR LOSS

Part **E** is amended as follows:

**A.** Duties **A.** and **B.3.** are replaced by the following:

  **A.** We must be promptly notified in writing of how, when and where the accident happened. Notice should include the names and addresses of any "insureds" and witnesses.

  **B.** A person seeking Personal Injury Protection Coverage must:

   **3.** Submit, as often as we reasonably require, to physical and mental exams by physicians we select. We will pay for these exams.

**B.** The following duties are added:

A person seeking Personal Injury Protection Coverage must:

  **1.** Give us written proof of claim, under oath if required. This proof of claim must include:

   **a.** Complete details of the nature and extent of the injuries and treatment received and contemplated; and

   **b.** Any other information which may assist us in determining the amount due and payable.

  **2.** At our request, furnish us with a sworn statement of earnings for the "insured" since the date of the accident and for a reasonable time before the accident.

  **3.** Promptly send us copies of:

   **a.** The summons and complaint; or

   **b.** Other process;

  served in connection with any legal action taken, to recover damages for "bodily injury", against a person or organization who is or may be legally liable.

## IV. PART F – GENERAL PROVISIONS

Part **F** is amended as follows:

**A.** The **Our Right To Recover Payment** provision is amended as follows:

  **OUR RIGHT TO RECOVER PAYMENT**

  **1.** This provision does not apply to accidental death.

  **2.** Paragraph **A.** of the provision is replaced by the following:

  If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another that person shall:

   **a.** Hold in trust for us such rights of recovery;

   **b.** Do nothing after loss to prejudice them;

   **c.** Do whatever is necessary to secure these rights; and

   **d.** Execute and deliver to us any instruments and papers as may be appropriate to secure that person's and our rights.

  **3.** The following is added to Paragraph **B.**:

  We will have a lien against the proceeds of the recovery. We may give notice of the lien to:

   **a.** The person or organization causing "bodily injury";

   **b.** That person's agent or insurer; or

   **c.** A court having jurisdiction in the matter.

**B.** Paragraph **B.** of the **Policy Period And Territory** provision is replaced by the following:

  **POLICY PERIOD AND TERRITORY**

  **B.** The policy territory is:

   **1.** The United States of America, its territories and possessions; or

   **2.** Canada.

© Insurance Services Office, Inc., 2016

**PP 05 82 08 16**

Personal Auto

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## UNDERINSURED MOTORISTS COVERAGE – ARKANSAS

### SCHEDULE

| | Premium | | |
|---|---|---|---|
| **Limit Of Liability** | **Auto 1** | **Auto 2** | **Auto 3** |
| $                                    each person | | | |
| $                                  each accident | $ | $ | $ |

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

**1.** Sustained by an "insured"; and

**2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if **1.** or **2.** below applies:

**1.** The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements; or

**2.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

**a.** Have been given prompt written notice by certified mail, return receipt requested of such tentative settlement; and

**b.** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

However, if the owner or operator of the "underinsured motor vehicle" is insured by us for liability coverage, this Provision **(2.)** shall not apply, and an "insured" may proceed with his or her claim for damages under this coverage anytime after settlement of that "insured's" claim for damages under the liability coverage applicable to the owner or operator of the "underinsured motor vehicle".

**B.** "Insured" as used in this endorsement means:

**1.** You or any "family member".

**2.** Any other person "occupying" "your covered auto".

**3.** Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle or equipment:

**1.** To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of Arkansas.

**2.** Owned by or furnished or available for the regular use of you or any "family member".

**3.** Owned by any governmental unit or agency.

**4.** Operated on rails or crawler treads.

**5.** Designed mainly for use off public roads while not upon public roads.

**6.** While located for use as a residence or premises.

**7.** Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.

© ISO Properties, Inc., 2007

8. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. Denies coverage; or

   b. Is or becomes insolvent.

## EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

   1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   2. By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":

   1. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion **(B.1.)** does not apply to a share-the-expense car pool.

   2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion **(B.2.)** does not apply to a "family member" using "your covered auto" which is owned by you.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

**D.** We do not provide Underinsured Motorists Coverage for punitive or exemplary damages which are imposed to:

   1. Punish a wrongdoer; and

   2. Deter others from similar conduct.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

**C.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**D.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this endorsement:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.

However, we will provide primary insurance for a vehicle you do not own if:

   a. A duly licensed automobile dealer provides a vehicle to you or a "family member":

     (1) For use as a temporary substitute while "your covered auto" is out of normal use because of its breakdown, repair or servicing; or

     (2) To demonstrate the vehicle; or

   b. The vehicle is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

© ISO Properties, Inc., 2007

3. If the coverage under this policy is provided:

   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

A. If we and the "insured" do not agree:

   1. Whether that "insured" is legally entitled to recover damages; or

   2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "underinsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

Arbitration will take place only if both we and the "insured" agree, voluntarily, to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Any decision of the arbitrators will not be binding on either party.

C. Each party will:

   1. Pay the expenses it incurs; and

   2. Bear the expenses of the third arbitrator equally.

D. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply.

## ADDITIONAL DUTIES

A person seeking coverage under this endorsement must also promptly:

   1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing by certified mail, return receipt requested of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

However, if the owner or operator of the "underinsured motor vehicle" is insured by us for liability coverage, this Provision (2.) shall not apply, and an "insured" may proceed with his or her claim for damages under this coverage anytime after settlement of that "insured's" claim for damages under the liability coverage applicable to the owner or operator of the "underinsured motor vehicle".

Written notice of a tentative settlement must include:

1. Written documentation of monetary losses incurred, including copies of all medical bills;

2. Written authorization or a court order authorizing us to obtain medical reports from all employers and medical providers; and

3. Written confirmation from the insurer of the "underinsured motor vehicle" of the Liability Coverage limits of the owner or operator of the "underinsured motor vehicle".

The following section is added:

### GENERAL PROVISIONS

The following is added to the **Our Right To Recover Payment** Provision in Part **F** with respect to Underinsured Motorists Coverage:

### OUR RIGHT TO RECOVER PAYMENT

1. We shall be entitled to a recovery under Paragraph **A.** or **B.** only after the person has been fully compensated for damages.

2. Our rights do not apply under Paragraph **A.** if we:

   a. Have been given prompt written notice by certified mail, return receipt requested of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

   b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

© ISO Properties, Inc., 2007

Personal Auto

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

**a.** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

**b.** We also have a right to recover the advanced payment.

However, no notice of a tentative settlement is required if the "underinsured motor vehicle" is insured by us for liability coverage.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

© ISO Properties, Inc., 2007

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## UNINSURED MOTORISTS COVERAGE – ARKANSAS

Part **C** – Uninsured Motorists Coverage is replaced by the following:

### SCHEDULE

| Uninsured Motorists Coverage | Limit Of Liability | Premium | | |
|---|---|---|---|---|
| | | Auto 1 | Auto 2 | Auto 3 |
| **Bodily Injury And Property Damage** | $            each person | | | |
| | $            each accident | $ | $ | $ |
| | $            each accident | $ | $ | $ |
| **Bodily Injury Only** | $            each person | | | |
| | $            each accident | $ | $ | $ |

### INSURING AGREEMENT

**A.** We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of:

1. "Bodily injury" sustained by an "insured" and caused by an accident; and

2. "Property damage" caused by an accident if the Schedule or Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "Insured" as used in this endorsement means:

1. You or any "family member".

2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "Property damage" as used in this endorsement means injury to or destruction of "your covered auto" (including its loss of use).

**D.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident. In this case its limit for liability must be less than the minimum limit for liability specified by the Arkansas Financial Responsibility Law.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   **a.** You or any "family member";

   **b.** A vehicle which you or any "family member" are "occupying"; or

   **c.** "Your covered auto".

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** Denies coverage; or

   **b.** Is or becomes insolvent within one year of the date of the accident.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "family member".

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designated mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

© ISO Properties, Inc., 2007

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained:

  **1.** By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

  **2.** By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained by any "insured":

  **1.** If that "insured" or the legal representative settles the "bodily injury" or "property damage" claim and such settlement prejudices our right to recover payment.

  **2.** When "your covered auto" is being used as a public or livery conveyance. This Exclusion **(B.2.)** does not apply to a share-the-expense car pool.

  **3.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion **(B.3.)** does not apply to a "family member" using "your covered auto" which is owned by you.

  **4.** For the first $200 of the amount of "property damage" to "your covered auto". This Exclusion **(B.4.)** does not apply if:

    **a.** We insure "your covered auto" for both collision and property damage Uninsured Motorists Coverage; and

    **b.** The operator of the "uninsured motor vehicle" is positively identified and is solely at fault.

**C.** This coverage shall not apply directly or indirectly to benefit:

  **1.** Any insurer or self-insurer under any of the following or similar law:

    **a.** Workers' compensation law; or

    **b.** Disability benefits law.

  **2.** Any insurer of property.

**D.** No payment will be made for loss paid or payable to the "insured" under Part **D** of the policy.

**E.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages which are imposed to:

  **1.** Punish a wrongdoer; and

  **2.** Deter others from similar conduct.

**LIMIT OF LIABILITY**

**A.** The limit of Bodily Injury Liability shown in the Schedule or in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of bodily injury liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. The limit of Property Damage Liability, if shown in the Schedule or in the Declarations for each accident for Uninsured Motorists Coverage, is our maximum limit of liability for all "property damage" resulting from any one accident. This is the most we will pay regardless of the number of:

  **1.** "Insureds";

  **2.** Claims made;

  **3.** Vehicles or premiums shown in the Schedule or in the Declarations; or

  **4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

  **1.** Part **A** or Part **B** of this policy; or

  **2.** Any Underinsured Motorists Coverage provided by this policy.

**C.** We will not make duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**D.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

  **1.** Workers' compensation law; or

  **2.** Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this endorsement:

  **1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

© ISO Properties, Inc., 2007

Personal Auto

**2.** Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.

However, we will provide primary insurance for a vehicle you do not own if:

**a.** A duly licensed automobile dealer provides a vehicle to you or a "family member":

**(1)** For use as a temporary substitute while "your covered auto" is out of normal use because of its breakdown, repair or servicing; or

**(2)** To demonstrate the vehicle; or

**b.** The vehicle is rented or leased by you or a "family member" from a rental company for a period not more than 90 days.

**3.** If the coverage under this policy is provided:

**a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

**b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

**A.** If we and the "insured" do not agree:

**1.** Whether that "insured" is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Arbitration will take place only if both we and the "insured" agree, voluntarily, to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Any decision of the arbitrators will not be binding on either party.

**C.** Each party will:

**1.** Pay the expenses it incurs; and

**2.** Bear the expenses of the third arbitrator equally.

**D.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

© ISO Properties, Inc., 2007

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# PERSONAL AUTO POLICY
## AutoXtended® PLUS COVERAGES ENDORSEMENT

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

In the event of loss or damage that exceeds the limits shown in this endorsement, if there are duplicate coverages or limits that are provided under your auto or homeowners policy, these limits may be added together.

### I. Definitions

The following definitions are added with respect to this endorsement only.

**A.** **"Custom equipment"** means equipment, furnishings and parts in or upon any auto, other than:

    **1.** Original manufacturer equipment, furnishings or parts; or

    **2.** Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality.

"**Custom equipment**" includes but is not limited to:

    **1.** Special carpeting or insulation;

    **2.** Furniture or bars;

    **3.** Height-extending roofs;

    **4.** Body, engine, exhaust or suspension enhancers;

    **5.** Winches, or anti-roll or anti-sway bars;

    **6.** Custom grilles, louvers, side pipes, hood scoops or spoilers;

    **7.** Custom wheels, tires or spinners;

    **8.** Custom chrome, murals, paintwork, decals or other graphics; or

    **9.** Caps, covers or bedliners.

"**Custom equipment**" does not include electronic equipment that reproduces, receives or transmits audio, visual or data signals.

**B.** **"Insured"** means

    **1.** You or any **"family member"** for the ownership, maintenance, or use of any auto or "trailer".

    **2.** Any person using "your covered auto" except the use by any person without the reasonable belief that the person is entitled to do so. .

    **3.** **"Family member"** means a person related to you by blood, marriage, or adoption, who is a resident of your household. This includes a ward or foster child.

**C.** **"Non-owned auto"** means:

    **1.** Any private passenger auto, pickup, van, or "trailer" not owned by you or any "family member"; or

    **2.** Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

        **a.** Breakdown;

        **b.** Repair;

        **c.** Servicing;

        **d.** Loss; or

        **e.** Destruction.

Other words in quotation marks are defined in the policy.

### II. Part A – Liability Coverage

**A.** **Supplementary Payments**

    **A.** Provision **1**. is replaced by the following:
We will pay on behalf of an "insured", up to $350 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.

    **B.** Provisions **6**. and **7**. are added:

        **6.** Expenses incurred by an "insured" for first aid to others at the time of an accident involving an auto or "trailer" to which the Liability Coverage applies. However, any payment under this provision will reduce any amount that person is entitled to recover under the Liability and Medical Payments Coverages.

        **7.** Reasonable expenses for attorney's fee, not in excess of $50, incurred by you in

Includes copyrighted material of Insurance Services, Inc., with its permission

the event of your arrest as a result of an accident causing bodily injury to any person.

## III.  Part D – Coverage For Damage To Your Auto

A.  The following is added to **Insuring Agreement** paragraph **A**:

The deductible amount shall not apply:

1.  To loss caused by a "collision" of "your covered auto" or any "non-owned auto", with another auto insured by us; or

2.  To loss caused by a "collision" of "your covered auto" or any "non-owned auto", with another auto not insured by us provided:

    a.  The loss to "your covered auto" or any "non-owned auto" exceeds the deductible amount; and

    b.  The operator of such other auto has been positively identified; and

    c.  The operator of such other auto is, in our judgment, solely at fault for the loss to "your covered auto" or any "non-owned auto"; and

    d.  No statute is applicable at the time of the accident which relieves the operator of such other auto of tort liability or in any other manner impairs the subrogation right of us.

3.  To loss caused by other than "collision" if the Declarations indicates that Other Than "Collison" Coverage is provided for that auto and the loss for which this endorsement applies:

    a.  Is declared a total loss by us; and

    b.  The loss is payable under Other than Collision Coverage.

4.  The damage is caused by an "uninsured motorists", and the Declarations indicates that uninsured motorists property damage is provided for that auto. The damage must be caused by an accident arising out of actual physical contact with "your covered auto."

## B.  Exclusions

Exclusion 10. Is replaced by the following:

We will not pay for:

10.  Loss to any "custom equipment" in  or upon "your covered auto" or any "non-owned auto".

This Exclusion **(10.)** does not apply to the first $1,500 of "custom equipment" in or upon "your covered auto" or any "non-owned auto".

## C.  Limit Of Liability

The **Limit Of Liability** Section is replaced by the following:

A.  Our limit of liability for loss will be the lesser of the:

    1.  Actual cash value of the stolen or damaged property; or

    2.  Amount necessary to repair or  replace the property with other property of like kind and quality.

However, the most we will pay for loss  to:

1.  Any "non-owned auto" which is a trailer is $1500.

2.  Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,500.

3.  "Custom equipment" in or upon "your covered auto" or any "non-owned auto" is $1,500.

## D.  Personal Effects

The Personal Effects Provision is added to Part **D**:

We will pay for loss by fire or lightning to wearing apparel and other personal effects, which are the property of you or a "family member", while such effects are in or upon "your covered auto" or any "non-owned auto." The limit our liability for loss to personal effects arising out of any one accident is $250.

## IV.  Additional Coverages

No deductible will be applied to the coverages contained in this Section regardless of the limits  afforded. However, we will not pay more than the actual amount of damages.

## A.  Pet Coverage

We will pay up to $500 death benefit or for reasonable and customary veterinary bills, whichever is less, for bodily injury or death to an owned pet dog or owned pet cat caused directly by an accident involving "your covered auto" or any "non-owned auto". The injury or death of the owned pet dog or owned pet cat must take place while in or upon "your covered auto" or any "non-owned" auto. The $500 is the maximum payment regardless of the number of pets injured/expired in any one accident.

Includes copyrighted material of Insurance Services, Inc., with its permission

**B.  Cellular Phone Coverage**

We will pay up to $500 for a direct physical loss or damage to your cell phone or other portable personal communication device which allows voice transmission which is in or upon "your covered auto" or any "non-owned auto" and is:

1.  Owned by you; or

2.  Owned by any "family member."

Any type of computers such as, but not limited to:

1.  Laptop;

2.  Desktop computers;

3.  Global Positioning Systems (GPS); or

4.  Similar devices

are not considered to be covered under this provision.

Our limit of liability for loss will be the lesser of:

1.  Actual cash value;

2.  Amount necessary to repair or replace the property with other property of like kind and quality; or

3.  $500.

Duplicate payments will not be made for the same elements of loss.

**C.  Global Positioning Systems Coverage**

We will pay up to $500 for direct physical loss or damage to your Global Positioning System (GPS) device which is not permanently installed; however, located in or upon "your covered auto", at the time of the loss and is:

1.  Owned by you; or

2.  Owned by any "family member".

Our limit of liability for loss will be the lesser of:

1.  Actual cash value;

2.  Amount necessary to repair or replace the property with other property of like kind and quality; or

3.  $500.

Duplicate payments will not be made for the same elements of loss.

**D.  Rented Vehicle Coverage**

This coverage is subject to all the provisions of your policy except as changed by this provision. When there is a direct and accidental loss or damage to a "non-owned auto" that you or any "family member" rent for less than 90 consecutive days, we will provide coverage for any damage or loss to the "non-owned auto" that you rent including its equipment and actual loss of use and other reasonable costs or expenses, including loss to a rented vehicle due to diminution in value, resulting from the damage or loss. If this coverage applies, Endorsement - Coverage for Damage to Your Auto Exclusion (Exclusion of Diminution in Value) or any other endorsement that may void this provision, is not applicable. Duplicate payments will not be made for the same elements of loss. This coverage is not contingent upon "Collision" or Other Than "Collision" coverage being provided for "your covered auto."

**E.  Increased Transportation Expenses Coverage**

The limit of coverage for **Transportation Expenses** provided under **D** of this policy is increased by $10 per day, up to an additional $300 maximum, in the event of a covered loss to "your covered auto". This is in addition to any transportation expenses provided under any other forms or endorsements. All other provisions of Part D, Transportation Expenses, hereby apply.

**F.  Locksmith Services Electronic Key, and Key Replacement Coverage**

We will pay up to $250 for:

1.  Necessary locksmith services; and

2.  Replacement of electronic keys or electronic remote controls

that are used to gain entry to "your covered auto" or "non-owned auto" if such items have been lost or stolen. No deductible applies to this coverage. Duplicate payment will not be made for the same elements of loss. This coverage is not contingent upon "Collision" or Other Than "Collision" coverage being provided for "your covered auto".

**G.  Emergency Travel Expense Coverage**

We will pay up to $600 for "Emergency Travel Expense" incurred because of:

1.  Direct and accidental loss to "your covered auto"; or

2.  A mechanical or electrical breakdown of "your covered auto" that occurs more than 100 miles from your legal residence.

This coverage applies only if:

1.  The loss to, or mechanical or electrical breakdown of "your covered auto" occurs more than 100 miles from home; and

2.  The "your covered auto" is withdrawn from use for at least 24 hours.

provided the loss is covered under the policy.

"Emergency Travel Expense" means:

1.  Lodging, including meals, and/or transportation back to your legal residence

Includes copyrighted material of Insurance Services, Inc., with its permission

**2.** Returning "your covered auto" to its garage location unless we declare it a total loss.

Our limit of liability in regards to this coverage will be limited to the period of time required to resume travel under the planned itinerary; or return to your legal residence.

No duplicate payments will be made for the same loss under this coverage or any part of coverage provided in part **D** of the policy

## H. Emergency Ambulance Expense Cover

We will pay up to $10,000 for emergency ambulance service, or any other necessary means of transportation, as directed by professional medical emergency personnel for transportation to a hospital because of "bodily injury" sustained by you or "family members" and caused directly by an accident involving a motor vehicle designed for use mainly on public roads or a trailer of any type.

## I.   Total Disability – Wage Loss Coverage

We will pay the "insured" up to $200 per week, up to 50 weeks, for actual lost wages during the "insured's" "continuous total disability" because of "bodily injury" sustained by the "insured" and caused directly by an accident involving a motor vehicle designed for use mainly on public roads or a trailer of any type.

"Continuous Total Disability" means:

**1.** Disability that begins within 20 days of the accident; and

**2.** Prevents the "insured" from performing every duty of the "insured's" full-time, wage-earning occupation or employment as determined by a licensed physician.

This coverage applies only if actual lost wages are sustained because of inability to work. If there are other sources of recovery for wage loss benefits, this coverage will be excess.

## J.   Death Indemnity Coverage

We will pay $20,000 per insured subject to a maximum of $40,000 per accident in the event of death of the "insured" to the:

**1.** Surviving spouse or a party who has entered into a civil union with the named insured as recognized under Illinois Law (applicable in Illinois only), if a resident of the same household at the time of the accident;

**2.** Parent, if:

    **a.** A resident of the same household at the time of the accident;

    **b.** There is no surviving spouse or a party who has entered into a civil union with the named insured recognized under Illinois Law (applicable in Illinois only); and

    **c.** The "insured" was a minor.

**3.** "Insured's" estate, if **1.** and **2.** above are not applicable.

because of "bodily injury" sustained by the "insured" and caused directly by an accident involving a motor vehicle designed for use mainly on public roads or a trailer of any type.

This benefit supersedes, and is not in addition to, any other death benefit endorsed on the policy except that this benefit will be excess of any death benefit provided or endorsed on the policy in accordance with requirements of law.

Includes copyrighted material of Insurance Services, Inc., with its permission

POLICY NUMBER:

**PERSONAL AUTO**
**PP 03 02 06 98**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE

### SCHEDULE

| Description Of Your Covered Auto(s) | Limit Per Day For Temporary Transportation Or Loss Of Use Expenses | Maximum Limit Of Liability | Premium |
|---|---|---|---|
| | $               Per Day | $ | $ |
| | $               Per Day | $ | $ |
| | $               Per Day | $ | $ |

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a "your covered auto" described in the Schedule or in the Declarations for which a specific premium charge indicates that Optional Limits Transportation Expenses Coverage is afforded, or to a "non-owned auto":

Coverage for Transportation Expenses provided under Part **D** of this policy is increased to the limits shown in the Schedule or in the Declarations.

This endorsement must be attached to the Change Endorsement when issued after the policy is written.

          Copyright, Insurance Services Office, Inc.,  1997

**PERSONAL AUTO**
**AU1019 (01/15)**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## ROADSIDE ASSISTANCE COVERAGE

The policy is amended to provide Roadside Assistance Coverage.

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**I.  Definitions**
The Definitions Section is amended as follows:
For the purpose of the coverage provided by this endorsement, the term "Roadside Assistance Representative" means our contracted vendor that will provide roadside assistance of a disabled vehicle for you or a "family member".

**II.  Insuring Agreement**
In the event "your covered auto" or any private passenger auto, pickup or van you or a "family member" are occupying becomes disabled:
1.  Our "roadside assistance representative", will provide towing service; or
2.  We will reimburse you for towing service;
to a location of your choice from the location of disablement subject to the maximum mileage limit shown in the Declarations or the nearest qualified repair facility when there is no repair facility available within the mileage limit shown in the Declarations.

**III.  Additional Services:**
The following additional emergency roadside services are covered:
1.  Extraction if stuck on or immediately next to a public road;
2.  Delivery of supplies, including oil, water, other fluids and fuel;
3.  Battery jump start;
4.  Changing or inflating of flat tires;
5.  Lockout service, up to $100.

If any covered services are not performed by our "roadside assistance representative", we will only reimburse for reasonable and customary charges, as determined by us. Receipts for any of these services must be provided to us for consideration of payment.

**VI.  Exclusions**
We will not pay for:
A.  The cost of supplies, replacement parts, fluids or fuel, or any labor performed at a service or repair facility;
B.  A subsequent tow for the same disablement (including from a service station, garage, repair shop, or any other location);
C.  Labor on a covered disabled auto for any time period in excess of 60 minutes per disablement;
D.  Any service costs in an amount in excess of our Roadside Assistance limit.  Any additional service costs must be paid directly to the provider by you or a "family member" at the time of service.
E.  The following vehicle types are excluded from the Roadside Assistance Coverage regardless of whether they are a "your covered auto":
1.  Trailers
2.  Snowmobiles
3.  Non-registered golf carts
4.  Non-registered dune buggies
5.  All-Terrain Vehicles
6.  Stored Vehicles
7.  Motorcycles, mopeds, motor scooters, motorbikes or go-carts

**V.  Limit of Liability**
Our limit of liability for Roadside Assistance is limited to the following:
Roadside Assistance is limited to a maximum of eight covered roadside services during a 12-month consecutive period.

No deductible applies to Roadside Assistance Coverage.

**VI.  Other Insurance**
Any coverage provided under this endorsement will be excess over any other insurance or other sources of recovery. However, if we provide coverage under any other endorsement

attached to your policy, the coverage provided
by this endorsement will be primary.